THOMAS J. TULLY, administrator of HENRY TULLY, deceased, *vs.* THE PHILADELPHIA, WILMINGTON AND BALTIMORE RAILROAD COMPANY.

*Error, Writ of —Personal Injuries—Negligence—Master and Servant—Railroads—Children; Contributory Negligence of—Nonsuit—Proximate Cause—Evidence; Submission of to Jury.*

1. If there is no evidence of negligence on the part of the defendant, in a suit for damages for personal injuries, or no evidence from which the jury could reasonably infer such negligence, it is the duty of the Court to withhold the case from their consideration, as a verdict for the plaintiffs under such circumstances would be set aside.    But it should not be forgotten that it is the province of the jury to determine doubtful questions of fact, and that where the evidence or the reasonable inferences that the jury might draw from it would be sufficient to support a verdict for the plaintiff, the case should be submitted to the jury.

2. Negligence is the failure to observe, for the protection of the interests of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury.    There should always be exercised such reasonable care as would be exercised by a person of ordinary prudence under like circumstances.

3. A trespasser may recover for injuries resulting from the gross negligence or carelessness of the defendant.    The mere fact that a plaintiff, where he suffered the injury complained of, was a trespasser on the defendant's premises, and would not have been injured if he had not so trespassed, is not conclusive evidence of contributory negligence.

4. In the application of the doctrine of contributory negligence to children the rule governing adults is greatly modified.    A child is held only to the exercise of such degree of care and discretion as is reasonably to be expected from children of his age. The care required of a child is to be ascertained by his maturity and capacity, and the particular circumstances of the case, and the determination of the question should generally be submitted to the jury.

5. The plaintiff may recover damages for an injury caused by the defendant's negligence, notwithstanding the plaintiff's own negligence exposed him to the risk of injury, if such injury was more immediately caused by the defendant's omission, after becoming aware of the plaintiff's danger, to use ordinary care for the purpose of avoiding injury to him.

6. If the jury find that the defendant's servant, in charge of the business of shifting cars, saw the boy who was injured in a place of danger on one of said cars, and failed to make any effort to prevent him from exposing himself to such danger, or any effort to avert such danger; and that the signalling brakeman saw, or should have seen the boy in a place of danger on one of the cars he was approaching, in time to avoid the danger or give warning of it, and that he made no effort to avoid the danger or warn the boy, the jury would be justified in finding the defendant guilty of such negligence as would render it liable.

(*June 19, 1900.*)  ·

NICHOLSON, Ch., and SPRUANCE and GRUBB, J. J., sitting.

*Josiah Marvel* for plaintiff in error.

*Herbert H. Ward* and *Andrew C. Gray* for defendant in error.

Supreme Court, June Term, 1900.

WRIT OF ERROR to the Superior Court for New Castle County.

SPRUANCE, J.:—This action was brought by the adminstrator of Henry Tully, deceased, for the recovery of damages for the death of the said Henry Tully, alleged to have been occasioned by the negligence of the defendant.

The material facts as shown by the record are as follows: An engine and train crew of the defendant had shifted a box car, coal car, and stone car from the main track of the defendant's road, in the City of Wilmington to a side track, known as the corn track, leaving the end of the stone car projecting over the main track. Immediately thereafter the said Henry Tully, aged about eight years, and two other small boys climbed into said coal car, which was empty, for the purpose of picking up refuse coal.  Henry Tully went first into the gates at the bottom of the car, and quickly returning went to the end of the car toward the main track and put one leg over the side of the car apparently for the purpose of getting off of the car.  At this time the engine was on the main

TULLY'S ADMR. vs. P., W. & B. R. R. CO.     539

OPINION OF COURT.

track pushing a box car, upon the top of which was a brakeman giving signals to the engineer. Just then some one called out, "You can't pass, come back again." The brakeman gave the signal to back, the engine came back, and the box car pushed by the engine, struck the end of the stone car projecting over upon the main track, with such force as to drive forward eight or nine feet the three cars upon the corn track, and throw Henry Tully from the coal car. The car wheels passed over him and he was instantly killed.

A person in the employ of the defendant, described as "the head brakeman or conductor, who ruled everything around there * * * the man who bossed them all," passed within three feet of Henry Tully as he was getting into the coal car, and looked at him, but said nothing.

. Before and at the time of the accident the brakeman on the top of the box car pushed by the engine, was looking down upon the boys in the coal car, and saw them or could have seen them. The sides of the coal car came only up to about the waist of Henry Tully. While the boys were on the coal car no warning was given by bell, whistle or otherwise.

Upon the close of the testimony for the plaintiff the defendant moved for a nonsuit upon the grounds, *first*, that the testimony failed to show that the defendant was guilty of negligence, and, *second*, that the testimony showed that the plaintiff's intestate was guilty of contributory negligence.

The Court ordered a nonsuit, but the plaintiff having declined to take the same, the Court instructed the jury to return a verdict for the defendant. The plaintiff excepted and his eighth assignment of error is as to this instruction of the Court.

If there was no evidence of negligence on the part of the defendant, or no evidence from which the jury could reasonably infer such negligence, it was the duty of the Court to withhold the case from their consideration, as a verdict for the plaintiff, under such circumstances, would have been set aside.

*Creswell vs. W. & N. R. R. Co., 2 Pennewill, 210.*

But it should not be forgotten that it is the province of the jury to determine doubtful questions of fact and that where the evidence or the reasonable inferences that the jury might draw from it, would be sufficient to support a verdict for the plaintiff, the case should be submitted to the jury.

Considering the evidence as to the circumstances under which Henry Tully and his companions were upon the property of the defendant most unfavorably to the plaintiff, and regarding the boys as simple trespassers, was there any sufficient evidence of negligence on the part of the defendant, or any evidence from which the jury could have reasonably inferred such negligence?

" Negligence in a legal sense is no more or less than this; the failure to observe, for the protection of the interests of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury."

*Cooley on Torts, 630.*

While the obligation to exercise care in the conduct of one's business varies under different circumstances, there always remains the duty to exercise such reasonable care as should be exercised by a person of ordinary prudence under like circumstances.

In *Cummins vs. Spruance, 4 Harr., 315,* it was held that the master of the defendant's vessel was without excuse for running against a vessel, out of her proper place and in a position of danger in a navigable stream, if by the exercise of ordinary skill, care and diligence he could have avoided the collision—and that in such case the defendant would be liable. It is universally conceded that a trespasser may recover for injuries resulting from the gross negligence or carelessness of the defendant.

*Weldon vs. P., W. & B. R. R. Co., 2 Pennewill, 1.*

The mere fact that a plaintiff, when he suffered the injury complained of, was a trespasser on the defendant's premises, and would not have been injured if he had not so trespassed, is not conclusive evidence of contributory negligence.

*1 Sherman and Redfield on Neg., Sec. 97.*

While the decisions upon this point have been conflicting, there are many approved cases in which trespassers have recovered damages for personal injuries, and this is especially  so in cases of children.

*1 Sherman and Redfield on Neg., 98.*

In the application of the doctrine of contributory negligence to children the rule governing adults is greatly modified.

A child is held only to the exercise of such degree of care and discretion as is reasonably to be expected from children of his age.

The care required of  a child  is  to be ascertained by his maturity and capacity, and the particular circumstances of the case, and the determination of the question should generally be submitted to the jury.

*1 Sherman and Redfield on  Neg., Sec. 73;  Weldon vs.  P., W. & B. R. R. Co., 2 Pennewill, 1; Union Pacific Ry. Co. vs. McDonald, 152 U. S., 281.*

"It is now  perfectly  settled that the plaintiff may  recover damages for  an injury  caused  by  the defendant's negligence notwithstanding the plaintiff's own negligence exposed him to the risk of injury, if such  injury  was more immediately caused by  the defendant's omission, after  becoming aware of  the plaintiff's danger, to use ordinary care for the purpose of avoiding injury to him.

" We know of no Court of last resort in which this rule is any longer disputed."

*Sherman and Redfield on Neg., Sec. 99.*

This doctrine was  fully discussed and  adopted by the House of Lords in *Radley vs.  London & Northwestern Ry.  Co., L. R. 1 Appl. Cases, 754, and by the Supreme Court of  the United States in Inland & Seaboard Coasting Company vs.  Tolson, 139 U. S., 558-9.*

It is obvious that the empty coal car from which Henry Tully was thrown, was, under the circumstances, from the time he got upon it, a place of great danger to a boy of his age.

If the case had gone to the jury, and they had found from the evidence that the defendant's servant in charge of the business of

shifting cars there going on, saw Henry Tully, a boy of eight years old, in a place of danger on one of the said cars, and failed to make any effort to prevent him from exposing himself to such danger, or any effort to avert such danger; and that the signalling brakeman on the car attached to or pushed by the shifting engine, saw, or from his position should have seen the boy in a place of danger on one of the cars he was approaching, in time to avoid the danger or give warning of it, and that he made no effort to avoid the danger or warn the boy, the jury would have been justified in finding the defendant guilty of such negligence as would render it liable in this action.

We are of the opinion that the question as to negligence of the defendant, and the question as to the contributory negligence of the plaintiff's intestate, should under proper instructions by the Court, have been submitted to the determination of the jury, and that the Court erred in directing the jury to render a verdict for the defendant.

The other assignments of error relate to the refusal of the Court to admit certain testimony.

The seventh assignment was abandoned by the plaindiff.

The fourth and fifth relate to the refusal to admit testimony as to the customary public use of the tracks and right of way of the defendant, at or near the place of the accident, for the purpose of passage between Beuna Vista and Market streets.

As the plaintiff's intestate was not killed while so using the property of the defendant, the rulings of the Court in this respect were clearly correct.

The remaining four assignments of error relate to the refusal to receive testimony tending to show a custom or habit of boys to be upon empty cars on the defendant's tracks, with the consent or knowledge of the employees of the defendant.

Our conclusion as to the charge to the jury, and the evidence that Henry Tully was seen by the servants of the defendant upon the car from which he was thrown, render a critical examination of these assignments unnecessary.

TULLY'S ADMR. vs. P., W. & B. R. R. CO.    543

JUDGMENT BELOW REVERSED.

If the question was whether the servants of the defendant exercised due diligence in the discovery of the presence of boys upon empty cars, the inquiry whether boys were accustomed to be there might be important, but where it appears that the person killed was actually seen in the place of danger by the servants of the defendant in time to. avoid his injury or death, it is quite immaterial whether he and other boys were or were not accustomed to be upon the empty cars of the defendant.

The judgment below is reversed.