MARTIN B. BURRIS, Treasurer of the State of Delaware, *vs.* THE JESSUP AND MOORE PAPER COMPANY, a corporation existing under the laws of the State of Delaware.

*Taxation—Corporations—Renewal under General Corporation Law —Not New Corporation—Not subject to Tax as such—Statute—Revenue—General Corporation Law.*

The renewal of the charter of a preexisting corporation under the provisions of the general Corporation Law of this State, approved March 10, 1899, does not create a new corporation, but only renews and extends the life of one in existence at that time; aud does not subject such corporation to the payment of a tax under the act entitled "An Act to Raise Revenue for this State," approved March 10, 1899, *Chap. 15, Vol. 22, Laws of Delaware.*

(*December 23, 1904.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Herbert H. Ward* for plaintiff.

*Willard Saulsbury* for defendant.

Superior Court, New Castle County, November Term, 1904.

AMICABLE ACTION.

(The facts appear in the opinion of the Court.)

LORE, C. J. :—From the agreement filed in this case, it appears that "The Jessup and Moore Paper Company," the defendant, is a corporation of this State. It was chartered by an act of the General Assembly, passed at Dover, March 15, 1877. The charter was renewed for twenty years by act of March 6, 1895; which renewed charter would not have expired until March 6, 1915.

BURRIS vs. JESSUP AND MOORE PAPER CO. 155.

OPINION.

On the ninth day of August, 1899, under the provisions of
" An Act Providing a General Corporation Law " for this State,.
approved March 10, 1899, the defendant company for its own con-
venience amended its charter, and at the same time filed its certifi-
cate for the renewal of its charter under that act, thereby making·
the same perpetual.

In this action it is sought to recover from the defendant com-
pany six hundred and twenty-five dollars, the franchise tax im-
posed upon corporations and claimed to be due to the State under·
" An Act to Raise Revenue for this State by Taxing Certain Cor-
porations," approved March 10, 1899 (*Vol. 22, Del. Laws,.
Chap. 15*).

The question to be decided, is whether the renewal of the char-
ter on August 9, 1899, subjected the defendant company to the tax.
under the last named act.

That act provides as follows :

" SECTION 19.   That the provision of this act shall not apply
to corporations *heretofore incorporated,* and the property of such·
corporations is hereby made exempt from taxation under the pro--
visions of this act, such exemption, in the opinion of the General
Assembly, being best to promote the public welfare."

The renewal of the charter of the defendant company on
August 9, 1899, under the General Corporation Law, did not cre-
ate a new corporation, but only renewed and extended the life of
one in existence at that time, and at the time of the passage of the
act imposing such taxation, viz., March 10, 1899 ; said Section 19
of which act exempts from taxation the property of " *corporations·
hereofore incorporated.*"

This clearly brings the defendant company within the exemp
tion embraced in said Section 19.

Let judgment therefore be entered for the defendant for costs..