ALEXANDER L. MACFEAT, administrator of WALTER MACFEAT, deceased, plaintiff below, plaintiff in error, *vs.* THE PHILADELPHIA, WILMINGTON and BALTIMORE RAILROAD COMPANY, a corporation of the State of Delaware, defendant below, defendant in error.

*Writ of Error—Nonsuit—Remarks by Judge in Refusing Nonsuit—Passenger—Evidence—Negligence—Due Care—Accident—Proximate Cause*

1. The trial Court refused to allow a witness to be asked whether "the platform and passage-way or crossing" was or was not in his judgment an unusually unsafe crossing for persons to use and wait upon for the north-bound train. *Held,* that the question was improper and irrelevant.

2. The refusal of the trial Court to allow a witness to be asked whether he had seen "the shifter and those waiting cars at any other position than they were on that day," sustained.

3. In refusing a motion for a nonsuit the trial Judge said; "We have considered the motion for a nonsuit in this case, and while we have very grave doubt of the plaintiff's right to recover upon the evidence presented, we think the case should go to the jury. Therefore we decline to order the nonsuit." *Held,* that with the very clear, forcible and accurate statement of the law given by the trial Court in its charge to the jury, no reasonable juror could have had any doubt that it was his duty to determine the facts from the evidence, without any regard to what was said by the trial Judge in refusing the nonsuit.

4. The statement of the law by the trial Court as to what constitutes a passenger, and as to the care to be exercised by a passenger in crossing the railroad tracks either before entering or after leaving the car, affirmed.

5. The statement of the law by the trial Court as to contributory negligence and unavoidable accident, affirmed.

(*January* 21, 1908.)

NICHOLSON, CH., and SPRUANCE and GRUBB, J. J., sitting.

*Levin F. Melson* and *Horace G. Knowles* for plaintiff in error.

NOTE.—For report of case in the trial Court, see 5 *Pennewill* 52.

*Herbert H. Ward* and *Andrew C. Gray* for defendant in error.

Supreme Court, June Term, 1906.
WRIT OF ERROR to the Superior Court for New Castle County.

SPRUANCE, J., delivering the opinion of the Court:

This action was brought to recover damages for the death of Walter MacFeat, alleged to have been caused by the negligence of the defendant company.

On May 26, 1902, the defendant owned and operated a railroad through the City of Wilmington with a station at French Street.

In front and at the side of the station there was a cement sidewalk from twenty-eight to thirty-five feet wide.

Beyond this sidewalk there were three tracks, the first being the spur track, the second the southbound track and the third the northbound track. Between these tracks there was planking. The distance between the southbound track and the northbound track was six feet.

On the day mentioned the said Walter MacFeat went to said station for the purpose, as the plaintiff allege, of taking the 1.37 northbound train. Before the arrival of said train MacFeat went from said sidewalk, across the said first and second tracks, toward said third track on which said train was approaching. Before the arrival of the said train, a shifter, which had been standing on the southbound track some distance from MacFeat, was moved slowly down along the station, its bell ringing.

On the approach of the shifter MacFeat did not, as did the other persons who had started for said train, move back to the sidewalk, but he remained near the northbound track, and was struck by said train and thrown under the running board of the shifter. The shifter was immediately stopped and backed, and MacFeat was taken out. From his injuries so received he died the same day.

The plaintiff's allegations of negligence on the part of the defendant were, failure to provide safe platforms, failure to give proper warning of the movement of its trains, negligent operation of its trains, excessive speed of said northbound train, and backing the shifter while MacFeat was under its running board.

The defendant denies that it was guilty of any negligence which resulted in the death of MacFeat, and insists that if there was any negligence on its part, the negligence of MacFeat, in recklessly and unnecessarily placing himself in a place of great peril, is a bar to the plaintiff's recovery in this action.

A motion for a nonsuit having been refused, after hearing the defendant's testimony, the arguments of counsel and the charge of the Court, the jury rendered a verdict for the defendant.

The plaintiff has filed fifteen assignments of error. Of these the third, ninth and tenth have been abandoned.

The first assignment of error relates to the refusal of the Court to allow a question to a witness as to whether "the platform and passageway or crossing" was, or not, in his judgment, an unusually unsafe crossing for persons to use and wait upon for northbound trains. Without expressing any opinion as to whether it was proper under the circumstances of this case to put in evidence the judgment of the witness as to the safety of the place in question, viz, the space between said sidewalk and said northbound track, as a passageway for persons going to and from trains on the northbound track—the question was clearly improper and irrelevant because it implied that the space between the sidewalk and the northbound track had been provided by the defendant, as a place for passengers to wait for northbound trains, for which implication there was no warrant in the evidence.

The second assignment is as to the refusal of the Court to allow a witness to be asked whether he had seen "the shifter and those waiting cars at any other position than they were on that

day." The ruling of the Court, holding the question irrelevant, was correct.

The fourth assignment is as to the following remarks of the trial Judge in refusing the motion for a nonsuit: "We have considered the motion for a nonsuit in this case, and while we have very grave doubt of the plaintiff's right to recover upon the evidence presented, we think the case should go to the jury. Therefore we decline to order the nonsuit." While these remarks were made in the presence of the jury, they were not addressed to the jury, and therefore the provision of the *Constitution* (*Section* 22 of *Article* 4) that "Judges shall not charge juries with respect to matters of fact, but may state the questions of fact in issue and declare the law" has no application.

The plaintiff contends that this expression by the Court of a doubt as to the plaintiff's right to recover upon the evidence presented by him, tended to influence the minds of the jury.

There might possibly be some ground for this contention had the Court omitted to give to the jury proper instructions as to their rights and duties in respect to the evidence and the facts.

There was, however, no such omission. In the charge to the jury the Court carefully abstained from any expression of opinion as to the facts, and used the following language as to the province of the Court and the jury:

"We say to you, gentlemen, that with the facts or evidence in the case, the Court have nothing to do. They are for your determination alone. You are the sole judges of the effect and weight of the testimony. You have heard all the evidence, and it is now for your careful consideration and determination, applying thereto the law as we shall declare it to you."

With this very clear, forcible and accurate statement of the law, it is quite impossible to believe that any reasonable juror could have had any doubt that it was his duty to determine the facts from the evidence, without any regard to what was said by the trial Judge in refusing the nonsuit.

For these reasons this assignment of error is overruled.

The fifth and eleventh assignments are as to the alleged refusal of the Court to charge the jury, as prayed by the plaintiff, in reference to the question whether MacFeat was a passenger, and the duty which the defendant owed to him, if he was such.

Upon these points the charge of the Court was as follows: "The plaintiff claims in certain counts of his declaration that the plaintiff's intestate at the time and place of the accident was a passenger of the defendant company; this, however, being denied by the defendant. It is for you to determine, from the evidence, whether he was such passenger or not. It is not necessary to constitute him a passenger that he should have had a ticket, or that he should have been actually upon the train of the defendant. If you believe that it was the *bona fide* intention of Walter MacFeat, at the time of the accident, to board the defendant's train, and that the defendant had knowledge of that fact, or that the acts and conduct of the deceased, and the other facts and circumstances, were such as to reasonably inform or notify the defendant that he intended to board the train, he was entitled to such care and protection on the part of the defendant as is required under the law where the relation of passenger and carrier exists."

This is a full and accurate statement of the law upon the subject, and embraces everything material in the said prayers of the plaintiff.

The sixth assignment is as to the failure of the Court to charge, as prayed by the plaintiff, in reference to the duty of the defendant to provide safe means of ingress and egress to and from its trains. While there was no specific charge upon this point, we are of the opinion that the subject was sufficiently covered by those parts of the charge relating to the high degree of care and diligence required of common carriers in respect to their passengers.

The seventh assignment is as to the failure of the Court to charge, as prayed by the plaintiff, as follows:

"Where the arrangement of a station is such that a passenger has to cross a track either before entering or leaving the cars, he has a right to assume that the track may be crossed safely, and the railway is liable if he be struck by a train moving on that track when he is approaching the cars or station."

The charge of the Court is a better statement of the law applicable to this case, viz:

"When the arrangement of the station is such that a passenger has to cross the track either before entering or after leaving the cars he has the right to assume that the track may be crossed safely, provided he crosses the track at a proper and reasonable time, and is not struck because of his own negligence. The tracks of a railroad company over which frequent trains are passing is a place of danger, and neither a passenger or other person has a right to go upon them at an improper or unreasonable time."

The eighth assignment is as to the failure of the Court to charge as prayed in relation to the rule of contributory negligence where the deceased acts erroneously through fright or excitement induced by the defendant's negligence. The rule in such cases is fully and accurately stated in the charge of the Court and need not be here repeated.

The twelfth assignment is disposed of by our remarks upon the seventh assignment.

The remaining assignments are as follows:

"XIII. That the Court erred in charging the jury as follows:

While a person should not be held guilty of contributory negligence, who in the effort to avoid immediate danger, in the exigency of the moment, suddenly and without time or opportunity for reflection, puts himself in the way of other peril without fault on his part, and particularly so if the defendant has placed the person in such position, yet no one has a right to needlessly place himself in a place of danger, and if a person, failing to

MACFEAT vs. P., W. AND B. R. R. 519

OPINION.

observe due care walks into a danger that the observance of due care would have enabled him to avoid, he is no less guilty of contributory negligence than he who, by the observance of due care could extricate himself from danger, but fails to make any effort for his personal safety, and because thereof is injured.

"XIV. That the Court erred in charging the jury as follows:

A pure accident without negligence on the part of the defendant is not actionable, and if you should believe that it was of such character, it would come under the head of unavoidable accident, and the plaintiff could not recover.

"XV. That the Court erred in charging the jury as follows:

One approaching a railroad crossing is bound to know that it is a place of danger, and he must give that attention to the sights and sounds of warning of an approaching train, if any there are, that a man of ordinary caution, under like circumstances, would give."

These portions of the charge correctly state the law, and are in accordance with frequent prior decisions of the Courts of this State.

After a careful examination of the record, we are satisfied that the law applicable to the case was fully and fairly stated in the charge of the Court, and that the evidence was amply sufficient to warrant the jury in finding a verdict for the defendant on the ground that the proximate cause of the death of MacFeat was his own negligence.

The judgment below is therefore affirmed.