JAMES NEELY vs. THE PEOPLES RAILWAY COMPANY, a corporation of the State of Delaware.

1. NEGLIGENCE—NATURE AND ELEMENTS.

Negligence is the want of such care as a reasonably prudent and careful man would exercise under similar circumstances.

2. NEGLIGENCE—PRESUMPTIONS AND BURDEN OF PROOF.

The burden of proving negligence is upon the party alleging it.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE OF PERSON INJURED.

If an injury was the result of the negligence of both plaintiff and defendant, plaintiff could not recover.

4. MUNICIPAL CORPORATIONS—STREETS—USE AS HIGHWAY.

Persons lawfully on a public street have a right to its use without molestation, and, exercising reasonable care, they have a right to assume that the street is in proper condition, unless they observe otherwise.

5. STREET RAILROADS—EXCAVATION IN STREET—CARE REQUIRED.

A street railway company was bound to use the care that an ordinarily prudent and careful man would use under the circumstances to warn travelers in the street of the existence and danger of an excavation.

6. MUNICIPAL CORPORATIONS—EXCAVATION IN STREET—CONTRIBUTORY NEGLIGENCE—DUTY TO OBSERVE DANGER.

If by the exercise of ordinary care a traveler in a public street would have observed an excavation and avoided the accident, he could not recover.

7. STREET RAILROADS—EXCAVATION IN STREET—VIOLATION OF STATUTE.

Since there could be no connection between the failure of a street railway company to obtain a permit to excavate in a city street, as required by statute, and an injury caused by a traveler running into the excavation, such violation of the statute was immaterial on the question of defendant's negligence toward the traveler.

(*November* 21, 1913.)

. PENNEWILL, C. J., and BOYCE and RICE, J. J., sitting.
*David J. Reinhardt* for plaintiff.
*Robert H. Richards* for defendant.
Superior Court, New Castle County, November Term, 1913.

ACTION ON THE CASE (No. 115, September Term, 1912) by James Neely against the Peoples Railway Company to recover for personal injuries.

Briefly, the plaintiff contended that, on the evening averred, he was driving in a wagon with two horses attached thereto, in a careful and cautious manner, on and along Woodlawn Avenue, in the City of Wilmington, in an easterly direction, and in ignorance of the existence and location of an excavation, made by the defendant company for the purpose of laying a switch, ran into the excavation and into and upon a pile or heap of earth which were negligently suffered and permitted to be and remain without adequate or suitable warning, by lights or otherwise, to persons using the avenue, and upset, throwing him out with great force and violence upon the ground, etc.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—This action is brought by James Neely, the plaintiff, against the Peoples Railway Company, the defendant, to recover damages which the plaintiff alleges he sustained on account of the negligence of the defendant. There are four counts in the plaintiff's declaration, and the material averments may be summarized as follows:

In the first count it is averred that the defendant did make or cause to be made a certain trench or excavation in the bed of a certain public street in this city, known as Woodlawn Avenue, and negligently and carelessly suffered and permitted said excavation to be and remain without any proper, adequate or suitable warning, to persons using Woodlawn Avenue for travel thereon, of the existence and location of said excavation.

The averment in the second count is that the defendant did dig up and excavate a part of Woodlawn Avenue near Fourteenth Street, and negligently and carelessly suffered and permitted a

heap or pile of earth about four feet in height to be and remain in the bed of said avenue at or near the place of excavation without placing upon it any proper, adequate or suitable warning, to persons using said avenue, for travel thereon, of the existence or location of said pile or heap of earth.

The other counts aver that the defendant did unlawfully, and without having first obtained a permit therefor from the proper officers of the Street and Sewer Department of this city, make or cause to be made the said excavation, and negligently and carelessly suffered and permitted said pile or heap of earth to be and remain without placing upon or near it any proper, adequate or suitable warning to persons using said avenue for travel thereon, of the existence or location of said pile or heap of earth.

The plaintiff also avers that he was on the twentieth day of July, 1912, driving in a wagon with two horses attached thereto, in a careful and cautious manner on and along said avenue in an easterly direction, about nine o'clock in the evening, and in ignorance of the existence and location of said excavation, and while so driving the wagon ran into and upon the said excavation and into and upon said pile or heap of earth and upset, thereby throwing him out with great force and violence upon the ground. And the plaintiff further avers that by means of the premises and through the negligence and carelessness of the defendant he was greatly bruised, wounded and injured, underwent great pain, was hindered and prevented from performing his necessary affairs and business, was deprived of great gains, profits and advantages, was forced to lay out and expend a large sum of money in his endeavor to have his injuries healed, became liable to pay a certain other sum of money to have his injuries healed, and that he has suffered and does still suffer great pain and is permanently injured.

It is admitted by the parties to this action that the Peoples Railway Company, the defendant in this cause, was on the twentieth day of July, 1912, and still is a corporation existing under the laws of the State of Delaware, operating and managing a certain line of street railway on and along Woodlawn Avenue at

or near its intersection with Fourteenth Street in the City of Wilmington, County of New Castle and State of Delaware, with a franchise from the City of Wilmington to operate its railway on said avenue; that Woodlawn Avenue is a public street of the City of Wilmington, County of New Castle and State of Delaware.

The plaintiff contends that there was no sufficient notice or warning given to travelers, of the excavation and pile of earth at or near it, because no guard was erected near it, and there were no lights sufficiently near to enable a traveler using proper and ordinary care to see and avoid the excavation and pile of earth.

The defendant denies that the plaintiff's injuries were caused by its negligence, and insists that the excavation and pile of earth were not dangerous to travelers, because there were red lights burning at each end of the excavation, and at the place where the accident happened, and any person driving a wagon, and exercising at the time due care and circumspection would have known of the danger and could and must have seen the excavation, and especially the pile of earth which was from two to three feet high.

[1] This action is based upon negligence, and we say to you that negligence is the want of ordinary care; that is, the want of such care as a reasonably, prudent and careful man would exercise under similar circumstances. It has been termed the failure to observe for the protection of the interest of another that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury.

[2] Negligence is not presumed, and the burden of proving it is upon the party by whom it is alleged.

[3] If the injury complained of is the result of the negligence of both parties, the plaintiff is held to be guilty of contributory negligence and cannot recover, as the law will not in such case undertake to measure and balance the degrees of responsibility attributable to each of the parties.

Woodlawn Avenue, as one of the streets of this city is a public highway; and the duty rested upon the defendant when making an excavation in said highway to use all reasonable care

and take every reasonable precaution to properly guard both by day and night said excavation.

[4] Persons lawfully on a highway have a right to its use without molestation or hindrance, with the limitation that such use is subject to reasonable interruption for purposes of construction and repair.

If the traveler, exercising due care, does not see or know that the street is in a dangerous condition, he has the right to assume that it is in a reasonably safe and passable condition.

[5, 6] . The defendant denies that the injuries complained of were caused by its negligence, and insists that they were caused by the negligence of the plaintiff in carelessly driving against the obstruction, which he could have seen and avoided by the exercise of reasonable care.

In order that the plaintiff may recover in this case, it is necessary that the jury shall be satisfied that the injuries complained of were caused by the negligence of the defendant and that the plaintiff was free from any negligence that contributed proximately thereto. *Stidham v. Delaware City*, 6 *Penn.* 361, 67 *Atl.* 175.

It is the duty of a person using the public highways of a city to employ his senses and exercise all reasonable care to avoid accident; and if the plaintiff had due and timely warning of danger, the defendant would not be liable for an injury sustained by reason of a disregard of such warning. *Stidham v. Delaware City, supra.*

While every person using a public highway of a city has the right to assume that such highway is in proper condition for public travel, nevertheless, if proper, adequate and sufficient warning is given of the existence of danger, it is the duty of travelers to use ordinary care to avoid injury.

If, upon approaching the place where the plaintiff sustained his injuries, there was anything, either a light or lights or a pile of dirt, that were sufficient to give warning that earth had been excavated at such point, and the plaintiff could by the exercise of due care have observed such lights or pile of dirt in time to avoid accident, and he failed to do so and thereby contributed

to his own injury, he cannot recover.   That is to say, if you
believe the defendant took proper precautions to notify travelers
of the existence of said excavation, and that the plaintiff, by the
exercise of reasonable care and caution, could have avoided the
accident, then your verdict should be for the defendant.

[7]   It is true, as stated by the plaintiff, that certain things
are, or amount to, negligence in law whether any active or posi-
tive negligence be proved or not.   It has been held that the
violation of a statute of the state, or of a city ordinance, is of
itself an act of negligence which only requires to be proved to
render a wrongdoer liable for any injury resulting ·from such
misconduct.   This principle of law has been often applied to
cases where the accident is alleged to have been caused by the
excessive and unlawful speed of a train, and very properly,
because there may be a causal connection between the unlawful
rate of speed and the accident.   It may be a fact, and the jury
may believe, that the accident could not have occurred except
for the unlawful speed.   But in a case where there manifestly
can be no connection between the violation of the statute or
ordinance and the accident, we think the principle of negligence
*per se* contended for by the plaintiff does not apply.   In the
present case how could the failure of the defendant company to
obtain a permit from the Street and Sewer Department to make
the excavation, if there was such failure, have caused the acci-
dent complained of?   The accident must have happened as it
did if· the permit had been obtained.   There could be no connection
between the failure to obtain a permit, and the injury to the
plaintiff in this case, and we hold, therefore, that the question
of permit to make the excavation is entirely immaterial to this
case, and you are to consider and determine the case ·just as
though there was no evidence before you respecting the permit.

We are satisfied that this conclusion is in entire harmony
with the opinion delivered by the Supreme Court of this state
in the case of *Lindsay v. Cecchi*, 80 *Atl.* 523, 35 *L. R. A.* (*N. S.*)
699.   The court in that case said: "It is evident from a careful
reading of the testimony found in the record in this case that
there was no possibility of causal connection between the absence

of the license (to operate the automobile) and the injury to the plaintiff. * * * Whether she had a license or not was therefore clearly immaterial to the question of her negligence towards the plaintiff, and the jury should have been so instructed."

And so, gentlemen of the jury, we instruct you in this case that a failure to obtain a permit from the Street and Sewer Department to make the excavation is immaterial to the question of the defendant's negligence towards the plaintiff.

But even though all testimony respecting the permit be eliminated, you are still to carefully consider all the remaining evidence, and from that determine whether the plaintiff's injuries were or were not caused by the negligence of the defendant.

If you believe from such evidence that the excavation and pile of earth were dangerous to persons traveling by wagon as the plaintiff was traveling, on the night of July 20, 1912, because of the failure of the defendant to give proper and sufficient warning of the excavation and pile of earth by lights or otherwise, and shall also believe that the plaintiff could not by the exercise of reasonable care have avoided the accident, your verdict should be in favor of the plaintiff, and for such sum as will reasonably compensate him for his injuries including his loss of time, his pain and suffering in the past and such as he may hereafter endure as the result of his injuries, and for his permanent injuries and the impairment of his ability to perform the duties of his usual occupation, and such reasonable expenses as he may have incurred in endeavoring to be cured of his injuries.

But if you believe that the defendant had used due and reasonable care in guarding the excavation and pile of earth by proper and sufficient notice or warning of danger, or if you believe that the plaintiff could by the exercise of reasonable care have avoided the accident, and that his own negligence contributed proximately to his injuries, your verdict should be in favor of the defendant.

In other words, if you are satisfied from the evidence that the plaintiff's injuries were caused by the defendant's negligence, and that the negligence of the plaintiff did not contribute proximately thereto, your verdict should be for the plaintiff.

But if you believe that said injuries were not caused by the defendant's negligence, or believe that the plaintiff's own negligence proximately contributed thereto, your verdict should be for the defendant.

In civil cases, such as this, the verdict should be for that party in whose favor is the preponderance or greater weight of the evidence.

Verdict for plaintiff.