EMILY BOWING *v.* DELAWARE RAYON COMPANY.

(*April* 2, 1937.)

LAYTON, C. J., and RODNEY, J., sitting.

*Howard A. Miller* for plaintiff.

*William Prickett* and *C. Edward Duffy* for defendant.

Superior Court for New Castle County, No. 109, January Term, 1935.

LAYTON, C. J., charged the jury, in part, as follows: This action is based upon alleged negligence of the

defendant. The negligence is alleged to be the failure of the defendant company to warn the plaintiff of the danger of carbon disulphide given off from the rayon and its presence in the atmosphere of the reeling room, and of its danger to the human system, the plaintiff being ignorant thereof, the defendant either knowing the facts, or chargeable with knowledge in the exercise of reasonable care.

To entitle the plaintiff to recover, you must be satisfied that the injuries complained of were caused by the negligence of the defendant as charged by the plaintiff in her declaration.

Negligence is never presumed. It must be proved; and no presumption of negligent conduct on the part of the defendant arises from the mere fact that the plaintiff has suffered injury.

Negligence, in legal contemplation, is the want of ordinary care, that is, the want of such care as an ordinarily prudent and careful person would exercise in similar circumstances. It has been defined to be the failure to observe for the protection of the interests of another person that degree of care, precaution and vigilance which the particular circumstances justly demand, whereby such other person suffers injury.

The burden, therefore, is upon the plaintiff to prove to your satisfaction by a preponderance of the evidence that the defendant was negligent as charged in the declaration, and that her injuries, or ailments, from which she claims to be suffering, resulted proximately from the particular negligence charged and relied upon. This means that the negligence as charged must be such that brought about or produced, or helped to bring about or produce, the injuries and ailments, and but for which negligence they would not have occurred.

It is admitted that the relation existing between

the defendant company and the plaintiff at the time of the alleged injuries was that of master and servant. One of the duties imposed upon the defendant, as master, was to exercise all reasonable care to provide the plaintiff with a reasonably safe place to work, taking into consideration the nature of the industry carried on by the master and the equipment, appliances and information known to and available in the industry. Where the employment is dangerous and the master knows, or in the exercise of reasonable care should know, it to be dangerous, the duty is imposed upon the master to warn and instruct the servant as to its dangerous character, either ordinary or extraordinary, if, by reason of ignorance or inexperience, the servant is unacquainted with the danger; and the servant has the right, without inquiry on his part, to rely upon the master for the performance of this duty. Generally speaking, the master is chargeable with the knowledge of the dangerous character of the materials and substances used by him in his business, and of dangerous conditions existing in and about his factory, plant or place of business or which reasonably may be expected to develop and to exist, having regard for the particular industry in which he is engaged.

The servant does not assume any risk of dangers incident to the employment that are not patent, or which may not be seen or known by the exercise of due care. But the master is not an insurer of the health or safety of the servant, and he is not responsible for dangers incident to the employment which are not known to him, or which, in the exercise of reasonable care, could not be discovered.

These are general principles briefly stated. In applying them it is necessary for you to keep in mind the particular negligence charged in the declaration, that is, that the defendant failed to warn the plaintiff of the danger of carbon disulphide in the reeling room, she being unaware

of its presence and dangerous qualities, the defendant either so knowing, or in the exercise of reasonable care, being chargeable with that knowledge.

The gist of the negligence as charged against the defendant is, therefore, the failure to warn the plaintiff in the particular circumstances of her employment as shown by the evidence and surrounding circumstances. You are not concerned with the presence of the gas in any other place than the reeling room, or at any other time than the period from January 1 to February 21, 1934, as claimed by the plaintiff, or for eleven days in February, 1934, as claimed by the defendant. If you shall be satisfied from the evidence that the plaintiff was employed in the reeling room during the period as claimed by her, your concern is with the presence of the gas there during that period. On the other hand, if you shall be satisfied that the plaintiff was employed in the reeling room during eleven days in February, 1934, as claimed by the defendant, your concern is with the presence of the gas there during that time.

The duty of a master to warn a servant of dangerous appliances, substances or conditions is not an absolute one imposed in all situations and conditions of employment, but it is a duty which arises from the particular occupation and the circumstances and conditions surrounding the particular work. In the case before you, the plaintiff's work was in the reeling room where the unfinished rayon was wound or reeled on spools. This work was not in and about that process of manufacture wherein the carbon disulphide was generated and primarily given off. Reeling is one of the later processes of the manufacture. Whether it became the duty of the defendant to warn the workers in the reeling room of the danger of carbon disulphide in that room depends, therefore, upon the reasonable foreseeability of the presence of the gas there in such degree as to be harmful to the average person employed in that

room, and in this connection all of the evidence in the case and the circumstances and conditions surrounding the work there as disclosed by the evidence must be carefully examined and considered. If, in the reeling room of the defendant's plant the carbon disulphide was not given off the product or was not present in the atmosphere in such degree as to be dangerous to the average human being, and, as the room was maintained by the defendant, either from its specific knowledge of conditions there, or from such general knowledge of reeling room conditions in the industry, it did not know and, with the exercise of reasonable care, could not know that the gas might be given off the product, or might be in the atmosphere of the room, in a degree dangerous to the average human being, the duty to warn the employees in the room did not arise at all, for, as has been indicated, a failure to warn will not be regarded as negligence, unless the master knew, or, in the exercise of reasonable care and diligence, ought to have known of the danger and that a warning was necessary.

So, gentlemen, the first question which you are to consider and decide is whether the defendant was negligent as charged, that is, whether its failure to warn the plaintiff was, in the circumstances, an omission of a duty which it owed to the plaintiff.

If you shall find from the evidence—and not by way of speculation or guess—that the defendant knew or should have known that carbon disulphide reasonably might have been expected to be present in the reeling room to such degree as to be dangerous to the average person, then the failure to warn the plaintiff would constitute an omission of duty imposed upon the defendant for the protection of the plaintiff, in order that she might exercise her judgment whether to continue in or leave the work; and such omission of duty would constitute negligence, and the defendant

would be responsible for all injuries resulting proximately therefrom.

On the other hand, if you shall not be satisfied from a preponderance of the evidence and all surrounding circumstances as disclosed that the defendant knew or, in the exercise of reasonable care and diligence, should have known that the gas reasonably might be expected to be in the reeling room in a degree dangerous to the average human being, then no duty arose to warn the workers in the room, and consequently, the defendant was not negligent in failing to warn the plaintiff, for the reason that no duty was cast upon it in that regard; and, not being negligent as charged in the declaration, your verdict should be for the defendant. See *M. T. Stevens & Sons Co. v. Diagneault (C. C. A.)*, 4 *F.* (2d) 53, 54. And, even if you shall be satisfied from a preponderance of the evidence that, in the circumstances, the duty was imposed upon the defendant to warn the plaintiff, and that it failed to warn her, and therefore was negligent, the plaintiff is not entitled to recover damages from that fact alone; but you are then to proceed to determine whether the omission of duty, or negligence of the defendant, if that negligence be found by you, caused the plaintiff's injuries and damage.

It is the plaintiff's contention that the evidence advanced by her shows, or reasonably tends to show, that her symptoms and signs, as testified to by experts called by her, indicate definitely that her injuries and ailments were caused by carbon disulphide poisoning. On the other hand, the defendant contends that some of the symptoms and signs, as claimed by the plaintiff, did not exist at all, and that the other symptoms and signs indicate definitely that her ailments and injuries resulted from marital and economic and physical conditions in no way connected with her employment but entirely disassociated therefrom.

 This evidence, on both sides, you should carefully weigh and consider, and before a verdict properly can be found for the plaintiff, you must be satisfied by a preponderance of the evidence, that the plaintiff's ailments, or injuries, resulted from carbon disulphide poisoning and from that cause alone; and if you shall find that her ailments, or injuries, resulted not from carbon disulphide poisoning, as she claims, but from other conditions not connected with her employment, as the defendant claims, then it matters not whether the defendant was negligent in failing to warn the plaintiff for the reason that the negligence, even if that be established to your satisfaction, was not the cause of her ailments and injuries.

In other words, before the plaintiff can recover you must be satisfied that the defendant, in the circumstances, was charged with a duty to warn the workers in the reeling room of the actual or probable presence of carbon disulphide in that room in a degree harmful to the average person, and of the consequent danger arising therefrom; that the gas was present in the room either to a harmful degree, generally in the atmosphere, or given off from the rayon, and that the plaintiff's ailments, or injuries, resulted proximately from inhalation of the gas and from no other cause.

 In this connection this is to be said: The defendant is not charged with the knowledge that the plaintiff, at any time during her employment, was ill, or in a weakened condition, or otherwise peculiarly sensitive to the gas, and therefore, owed her a duty not to expose her to it in any degree. From all the facts and circumstances, as alleged in the declaration, and as shown by the evidence, the defendant owed to the plaintiff that duty which, in the circumstances, it owed to the average worker in the reeling room, and it is not to be held responsible for injuries resulting from the presence of the gas in the room in a degree not harmful to the average person. For, generally, it is not

the duty of a master to establish and maintain conditions which must be safe for every employee. The conditions must be reasonably safe for the average employee. If, therefore, you shall be satisfied that the plaintiff, if she suffered damage as a result of exposure to carbon disulphide in the reeling room, suffered it because of some peculiar sensitivity on her part to the gas, and if the concentration of the gas, if there was gas there, was not such as would have caused injury to the average person, then the plaintiff cannot recover, for, in such circumstances, the defendant would not have been negligent as charged in the declaration.

This also must be said: If you shall find from the evidence that in the course of her employment, the plaintiff became aware of the danger to which, as she claims, she was being subjected, and which she could have avoided but did not do so, she must abide the result of her own neglect. If she, having knowledge that she was being injuriously affected in her employment, nevertheless, whether warned or not, continued in her work after having acquired knowledge of its danger to her, then the risk would be hers, and she cannot recover if her injuries occurred as a result of her continuing in her work after a discovery by her of the dangers to her arising out of her employment.

If you shall be satisfied by a preponderance of the evidence that the defendant knew, or in the exercise of reasonable care should have known, that the gas reasonably might have been expected to be given off from the rayon, or to be in the atmosphere of the room, in such degree as to harm the average person, and that at any time during the period or periods as claimed, the gas was in the room in such harmful degree, and that the plaintiff's ailments, or injuries resulted proximately from inhaling the gas, then your verdict should be for the plaintiff.

As to the physicians, Drs. Bland, Wells, Steinhilber and Strecker, who gave evidence for the defendant,

they were appointed by the Court to examine the plaintiff under a recent act of the General Assembly (*Chapter* 240, *Vol.* 40, *Laws of Del., Rev. Code,* 1935, § 4708). They became witnesses for the defendant, and their testimony is to be considered by you as any other expert testimony.

(Instructions upon expert testimony, preponderance of evidence, conflict of evidence, and measure of damages are omitted.)