AARON BURK, Plaintiff, v. ARTESIAN WATER COMPANY, a Delaware corporation, Defendant.

(*October* 11, 1952.)

RICHARDS, P. J., sitting.

*Abraham Hoffman* for the plaintiff.

*William Prickett* for the defendant.

Superior Court for New Castle County, No. 760, Civil Action, 1951.

RICHARDS, P. J.:

At the conclusion of the plaintiff's testimony, I granted the defendant's motion and directed a verdict for the defendant, on the ground that the plaintiff had failed to prove that there was any negligence by the defendant, and the further ground that it appeared from the evidence that there was contributory negligence by the plaintiff.

The evidence introduced by the plaintiff disclosed that about 8:30 on the morning of July 11, 1951, Rudolph Thuman, who was an employee of the defendant, went to a place near the corner of Belmont Avenue and Eureka Street, in Richardson Park, for the purpose of locating a leak in defendant's water main; that the first hole he dug was two or three feet from the north curb of Eureka Street, eighteen to twenty feet east of the east curb of Belmont Avenue, two by four feet square and about two feet deep; that he failed to locate the leak by digging the first hole and dug a second hole west of the first one, about the same distance from the north curb of Eureka Street, two by four, and about twenty inches deep; that failing again he dug a third hole, this time starting nearer the corner, about eight or ten feet from the curb of Belmont Avenue, about two or three feet from the curb of Eureka Street and in line with the other two holes; that the holes extended out into the street about seven feet; that he then dug a smaller hole about seven or eight feet out from the north curb of Eureka Street and about two or three feet from the three holes previously dug; that he piled the dirt from the four holes dug near the center of the street about twenty inches from the fourth hole which was designated as the little hole; that the plaintiff, Burk, lives at 24 Belmont Avenue, Richardson Park, at the corner of Eureka Street; that

there are a number of windows on the north side of his house overlooking the side yard and looking out onto Eureka Street; that he watched Thuman working in the street from his side window and later saw him working there when he was out in the yard; that after he had seen Thuman working there from a half an hour to an hour, he started down to the store at Maryland Avenue and Matthews Avenue to get some cigars and stopped where he was working and talked with him for something like five minutes; that no barriers, wooden markers or flags marked the place where the holes were; that when he stopped Thuman was digging in the gutter alongside the curb and putting the dirt in the gutter where he was working; that while he was talking to Thuman he was standing about five feet from him and a foot away from one of the holes which he had dug by him referred to as the little hole; that said hole was about a foot in front of him and slightly to his left, a couple of inches over on the side; that he was so close to the hole, that when he turned to go away his foot caught in it and he fell breaking his leg. It appeared that the bed of Eureka Street was 27 to 30 feet wide, and Belmont Avenue was about the same width. After hearing this testimony, I directed the jury to render a verdict for the defendant.

In his argument in opposition to defendant's motion for a directed verdict, plaintiff's counsel for the first time raised the question of whether the defendant had obtained a permit authorizing it to dig holes in the bed of Eureka Street. The right was not challenged in the pleading, nor was there a request to be permitted to prove that it had not been obtained.

Admitting for the sake of the argument, that the defendant violated a statute or ordinance by failing to obtain a permit to open the street and dig holes, it does not appear from the evidence that there was a causal connection between the failure to obtain such permit and the injury to the plaintiff.

Whether the defendant obtained such a permit is immaterial to the question of whether the negligence of its agent

while working in Eureka Street was the proximate cause of the plaintiff's injury. The accident might have happened as it did if the permit had been obtained. *Lindsay v. Cecchi,* 3 *Boyce* 133, 80 *A.* 523, 35 *L. R. A., N. S.,* 699; *Neely v. Peoples Railway Company,* 4 *Boyce* 457, 89 *A.* 211.

The plaintiff contends that the defendant was negligent when it allowed its employee, Thuman, to dig holes in the street without erecting barriers or some other device to notify persons using the street of the existing danger.

■ The general right of the public to the free and unobstructed use of the public highway cannot be questioned.

This right, however, is always subject to such reasonable interruption and temporary obstruction, as may be reasonably necessary for construction and repair. *Mills v. Wilmington City Railway Company,* 1 *Marv.* 269, 40 *A.* 1114; *Massey v. Worth,* 9 *W. W. Harr.* 211, 197 *A.* 673.

■ Negligence is usually defined as the want of such care as a reasonably prudent and careful person would use under similar circumstances. The care required in each case is proportioned to the danger, and must be such as an ordinarily prudent person would use in a like case.

■ The leak in the water main in Eureka Street made it necessary for the defendant to send someone there to repair it. In order to locate the leak and make the repairs it was necessary to open the street. This the defendant's employee, Thuman, was doing.

While engaged in the work he was entitled to make such obstructions in the street as were manifestly and fairly required in order to accomplish the purpose. During the progress of the work, it was the duty of the defendant to take the necessary precaution to inform the public of any existing danger.

The plaintiff saw Thuman, the defendant's employee, working in the bed of Eureka Street while looking out of the window

from his home near by and again saw him from his yard. He later went to place where Thuman was working and standing about five feet away from him, talked to him about five minutes while he was digging in the gutter. While he was talking with Thuman he was standing about a foot from one of the holes which had previously been dug. Four other holes which had been dug were in plain view and the dirt taken from them was piled near by.

It does not appear that the defendant's employee had left the place since he started work that morning. On the contrary, he continued to work there in plain view of everybody who passed that way. The plaintiff knew he was working there, had seen him from the window of his house, also from the yard. When he went to the place where the work was being done he watched him continue to dig standing five feet from him and one foot from one of the holes.

Under the existing circumstances, the defendant was not required to erect barriers or to take any other course to notify the public of the condition of the street. *Philadelphia & R. R. Co. v. Dillon*, 1 *W. W. Harr.* 247, 114 *A.* 62, 15 *A. L. R.* 894. Having arrived at this conclusion, it follows that the defendant did not commit any negligence and the plaintiff is not entitled to recover.

From the facts above recited, it appears that there was contributory negligence by the plaintiff, consequently he should not be allowed to recover regardless of the negligence of the defendant. I have already stated that the plaintiff saw the employee of the defendant working in the road for some time before he went there. He was aware of the fact that something unusual was going on there which was sufficient to put him on guard. While talking to Thuman he must have seen him still digging in the street and had ample opportunity to observe the holes which had previously been dug. The plaintiff, without any apparent reason, except to satisfy his curiosity, left the sidewalk where there was nothing to obstruct his course and walked in the road where he knew work was in progress.

██ It is the duty of all persons using the streets and highways to use ordinary care. In fact, it is well settled that one who steps into a defect in a pavement which he could have seen and avoided, if he had looked, cannot recover. When one fails to use his senses for his own protection he is guilty of negligence and has no redress. *D'Annunzio v. Philadelphia Suburban Water Co.*, 143 *Pa. Super.* 422, 18 *A.* 2d 86; *Fleming v. City of Rockford*, 303 *Ill. App.* 224, 25 *N. E.* 2d 128; *White v. City of Harrisburg*, 342 *Pa.* 556, 20 *A.* 2d 751; *Charles C. Fulton Bldg. Co. v. Stichel*, 135 *Md.* 542, 109 *A.* 434; *MacFeat v. Philadelphia W. & B. R. Co.*, 6 *Penn.* 513, 69 *A.* 744.

In the cases of *Odgers v. Clark*, 2 *Terry* 232, 19 *A.* 2d 724, and *Willis v. Schlagenhauf*, 8 *W. W. Harr.* 96, 188 *A.* 700, both of which involved automobile accidents, the principle is recognized that it is negligence not to see what is clearly visible where there is nothing to obscure the vision.

The plaintiff relies upon the cases of *Tully v. Philadelphia W. & B. R. Co.*, 2 *Penn.* 537, 47 *A.* 1019, and *Philadelphia B. & W. R. Co. v. Gatta*, 4 *Boyce* 38, 85 *A.* 721, 47 *L. R. A., N. S.*, 932. An examination of these cases shows that the facts are quite different from the facts of the case under consideration. In the *Tully* case, the Court found that there was sufficient affirmative evidence from which negligence on the part of the defendant could be inferred. In the *Gatta* case, the defendant's motion for a directed verdict was refused because there was a conflict of testimony as to the time the warning of the movement of defendant's shifting engine was given. The material facts of the case now being considered are undisputed. The employee of the defendant had not left the place where the work was being done since he started it that morning. In fact, he was practically at the same place where he started, within a few feet of all of the holes which he had dug and in plain view of persons using the highway. It was not necessary for him to erect a barrier or to use any other means to advise the public of the existing conditions. The evidence introduced by the plaintiff did not bring

out any facts from which negligence can be reasonably inferred. *Queen Anne's R. Co. v. Reed,* 5 *Penn.* 226, 59 *A.* 860.

I am convinced from the testimony before me that there was no negligence on the part of the defendant, and further convinced that the injury sustained by the plaintiff when he fell in the hole in the street was the result of his own negligence.

The motion for a new trial is refused.