ROBERT W. FRELICK and JANE H. FRELICK, Plaintiffs, v. HOMEOPATHIC HOSPITAL ASSOCIATION OF DELAWARE, a Delaware corporation, Defendant.

(*March* 25, 1959.)

STIFTEL, J., sitting.

*William E. Taylor, Jr.*, for plaintiffs.

*Henry M. Canby* and *E. Norman Veasey* (of Richards, Layton and Finger) for defendant.

Superior Court for New Castle County, No. 1268, Civil Action, 1957.

STIFTEL, J.:

The undisputed facts derived from the injured plaintiff's deposition, the exhibits attached thereto, and her answers to certain interrogatories, reveal that on December 12, 1956, at about eight-thirty on a dark, rainy and foggy night, Jane H. Frelick went with her physician husband, who seeks consequential damages, to the Memorial Hospital in Wilmington. The car was parked at the rear of the hospital and the plaintiffs walked across an area used by doctors for parking cars toward a door

used by doctors to enter the hospital. On their way to the doctors' entrance, plaintiffs stepped over a chain which, for some unexplained reason, was stretched diagonally across a small corner of the parking area between two brick pillars, which were at right angles one to the other, about fifteen feet in front of the doctors' entrance, and a short distance apart.

Three hours later, the plaintiffs came out of the same door into a dark night, crossed a narrow, paved walk, and went toward the same chain. There was a light near the doctors' entrance but this light was not strong enough to clearly illuminate the chain, which was visible but difficult to see in the dark. In attempting to step over this chain near the same point where she had earlier successfully negotiated it, plaintiff Jane H. Frelick tripped and fell and was injured.

Mrs. Frelick testified, in her deposition, that she knew the chain was there and that she probably saw the chain when she left the hospital. She could not recall whether or not she was looking directly at the chain when she attempted to step over it on her way to the car. She also explained that she could have walked from the doctors' entrance a short distance on a paved walk toward the double-door nurses' entrance, past the end of the chain which was fastened to a bolt on a pillar approximately half way between the doctors' entrance and nurses' entrance, and then turned and walked to the car. She estimated that this alternate route would have increased her trip to her car by fifty paces. Photographs of the immediate area attached as exhibits to Mrs. Frelick's deposition show that the injured plaintiff would have been required to walk only a very short distance to avoid the chain. The walk would have been along a pavement that was illuminated by a light over the doctors' entrance and one near the nurses' entrance.

For the purpose of deciding this motion, I assume, without deciding, that the hospital owed the injured plaintiff the duty of providing a reasonably safe place for her to go from the car to the hospital and return. I further assume, without deciding,

that the hospital was negligent and that its negligence was a proximate cause of the injury to Mrs. Frelick.

Defendant argues that plaintiffs should not recover because Mrs. Frelick assumed the risk of injury and/or was contributorily negligent in that she failed to exercise due care for her own safety.

The defense of assumption of risk is based on the testimony of the injured plaintiff that she was aware of the chain when she left the hospital to go to her car and that she was also aware that there was a nearby, adjacent alternate route free of any obstructions.

The attempt to distinguish between the affirmative defenses of assumption of risk and contributory negligence has been a favorite subject of many courts, "law journalists and reviewers". *James Assumption of Risk*, 61 *The Yale Law Journal*, 141; 65 *C. J. S. Negligence* § 117, pp. 709-711; *Prosser, Torts* (2d Ed.), Secs. 51, 55; 2 *Harper and James, The Law of Torts*, Chapters 21 and 22. Delaware has had little to do with the defense of assumption of risk except in Master and Servant cases, *Chielinsky v. Hoopes & Townsend Co.*, 1 *Marv.* 273, 40 *A.* 1127; *Bowing v. Delaware Rayon Co.*, 8 *W. W. Harr.* 339, 192 *A.* 598, which frequented this Court prior to the adoption of the Delaware "Workmen's Compensation" Act. 19 *Del. C.* § 2314(2). It is not required in this case to decide the extent to which the doctrine has been or should be applied in Delaware.

 In this type of case, where a risk has been created by defendant's breach of duty toward the plaintiff, the problem of voluntary assumption of risk overlaps the contributory negligence problem, or rather, is a phase of that problem. I shall, therefore, treat the defenses presented as only one defense, namely, contributory negligence. See 65 *C. J. S. Negligence* § 117; 38 *Am. Jur., Negligence*, Secs. 171-173; *Malone, Contributory Negligence and the Landowner Cases*, 29 *Minn. L. Rev.* 61, 92, 93; *Keeton, Personal Injuries Resulting From Open and Obvious Conditions*, 100 *U. of Pa. L. Rev.* 629.

■■ The negligence of the plantiff is a proper matter for the sole determination of the jury except in rare instances. In *Floyd v. Lipka, Del.*, 148 *A.* 2d 541, 544, our Supreme Court stated the rule as follows:

"Contributory negligence becomes a question of law for the court's decision only when the court is impelled to find from the facts that reasonable men can draw therefrom but one inference pointing clearly to the negligence of the plaintiff contributing to the accident. * * * In making such determination a court will, of course, view the evidence in the light most favorable to plaintiff."

Mrs. Frelick's testimony is clear. She admits she was aware of the chain and its location when she came out of the hospital door used by doctors, that she probably saw the chain at the time she left the hospital, but was not sure she was looking at the chain when she attempted to step over it. This important fact is recognized in plaintiffs' brief. Mrs. Frelick very honestly admits that she was told about the chain by her husband earlier in the day at home. She remembers that at the point where she attempted to step over the chain, it was difficult to get under or over it very easily. Mrs. Frelick further relates in her deposition that the area was not completely dark but was lighted improperly so that the chain was difficult to see, because of the necessary adjustment her eyes had to make in coming from the brightly lighted interior of the hospital to the poorly lighted parking area in the rear of the hospital.

Mrs. Frelick wanted to take the short-cut to her car. She knew the chain was directly in her path. She could have avoided the chain without any appreciable inconvenience by going around it. This would have been a safe route. *Rado v. Zlotnick*, 7 *N. J. Super.* 197, 72 *A.* 2d 533. Plaintiff was generally careless. She should have taken reasonable precautions for her own safety. *City of Pineville v. Selvey, Ky.*, 312 *S. W.* 2d 897, 898. The danger of tripping over the chain in a poorly lighted parking area of the hospital should have been apparent. Any ordi-

nary prudent person, in the exercise of due care, would have guarded against this danger. *Boock v. Acme Markets, Inc.*, 347 *Pa.* 501, 32 *A.* 2d 759, 760. Lack of light did not excuse lack of care.

Plaintiffs rely strongly on *Maher v. Voss*, 9 *Terry* 45, 98 *A.* 2d 499, in an effort to fend off summary judgment. In the *Maher* case, plaintiff was a guest at a meeting held in defendant's home. The guests' coats were hung in a cellarway by the defendant host. Plaintiff got her coat from the cellarway, which she thought was a closet, and then she volunteered to get the coat of another guest. Plaintiff stepped into what she thought was a closet but instead turned out to be a cellarway. She fell down the steps and received injuries. The Court held that the question of contributory negligence was for the jury. The *Maher* case is not pertinent here. This was the case of the "deceptive closet". The plaintiff had not been in the closet before and did not know that it was really a cellarway. The Court decided that it was for the jury to determine whether or not plaintiff was misled by the appearance of the cellarway into believing that it was a closet, especially since a floor extended partly into the cellarway and there was partial illumination and coats appeared on both sides of the wall of the cellarway, which could conceivably have misled a reasonable person into believing that it was a closet.

In the case at bar, there was no deceptive appearance. Mrs. Frelick knew the chain was there and knew the exact condition of the premises around the chain, since she had been over the same area only three hours earlier.

Compare *Fahey v. Sayer*, 9 *Terry* 173, 99 *A.* 2d 624, affirmed 9 *Terry* 457, 106 *A.* 2d 513, 49 *A. L. R.* 2d 353, where the plaintiff, a baby-sitter, was held negligent as a matter of law when she fell down a dark cellarway, mistaking the cellar door, with a bolt and chain, for a powder room door. The Court distinguished the *Maher* case and explained in contra-distinction, that the baby-sitter was not misled by deceptive appearances and that

she was therefore not justified in proceeding in the space before her that was completely dark. See also, *Stevenson, Negligence in the Atlantic States,* Chapter XXIX.

The record does not disclose, nor does plaintiff attempt to show, a reasonable need by plaintiff to use the alleged short-cut. This case is, therefore, unlike *Whalen v. Zolper, Del. Super.,* 148 *A.* 2d 778, where the reasonable necessity for the use of the ice-covered porch by injured tenant-plaintiff was left to the jury. In the case before me, the record shows that there was a convenient, reasonable and logical alternative route which Mrs. Frelick could have used.

■ Assuming, but not deciding, that defendant created a dangerous condition by failing to provide proper lighting for the parking area near the chain, this, nevertheless, would not excuse plaintiff from exercising that degree of care for her own safety that was commensurate with the known risk. *Burk v. Artesian Water Co.,* 8 *Terry* 405, 91 *A.* 2d 545, 548; *Simeone v. Lindsay,* 6 *Penn.* 224, 65 *A.* 778, 780.

■ Giving the plaintiffs' evidence all favorable inferences which reasonably may be drawn from the record upon which defendant rests its motion for summary judgment, I can only conclude that the injured plaintiff is barred from proceeding any further in this matter by reason of her own negligence which contributed to her injuries.

Motion for summary judgment granted.