ERNEST EMIL WAGNER *vs*. PEOPLES RAILWAY COMPANY, a corporation of the State of Delaware.

*Personal Injuries—Negligence—Street Railway—Sagging Wire—
Electricity; Danger Of—Due Care on Part of Company
and Traveler—Damages*

1. If a trolley wire erected and maintained by a railway company sagged from the effect of an unusual storm of wind and rain, which the defendant could not reasonably have anticipated, there would be no negligence on the part of the defendant; but there would be negligence on the part of the defendant if, after actual or constructive notice of the injury to the wire, the defendant failed to repair the injury within a reasonable time thereafter; and the plaintiff would be entitled to recover, unless he himself was guilty of contributory negligence.

2. Where trolley cars are propelled by electricity great care is required in the construction and maintenance of electricity-bearing wire, so that life and property may be reasonably protected and accidents prevented. But this common knowledge of the danger of electricity imposes like great care and precaution upon the traveler upon the highway who has been warned of its dangerous condition.

3. Such warning imposes upon the traveler the duty of the reasonable exercise of all his faculties to prevent accident, and if he fail so to do at the time of the accident he would be guilty of contributory negligence. If he could, by the reasonable use of his eyesight, have seen the   sagged wire in time to prevent the accident and failed to do so, he cannot recover, even though the defendant was also negligent.

(*May* 27, 1909).

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*William F. Kurtz* for plaintiff.

*Robert H. Richards* for defendant.

Superior Court, New Castle County, May Term, 1909.

ACTION ON THE CASE (No. 31, September Term, 1908), to recover damages for permanent personal injuries and for injuries to horse, wagon and baker's supplies, alleged to have been caused by the negligence of the defendant in allowing one of its

trolley wires to become sagged, whereby plaintiff collided with the same, causing the injuries complained of.

LORE, C. J., charging the jury:

Gentlemen of the jury:—Ernest Emil Wagner the plaintiff in this suit, claims that on the twenty-fourth day of August, 1907, while he in the exercise of due care, was driving his horse and baker's wagon on Sixteenth Street, between French and King Streets in this City, his wagon came in contact with a dangerously sagged trolley wire of the defendant company, which had so sagged because of the negligence of the defendant company, in the maintenance, control and operation of its trolley wire system.

That this contact with the wire, upset his wagon and greatly injured it; that the cakes, pies, bread and other contents of the wagon were spoiled and ruined; that his horse was made nervous and intractible, and that the plaintiff himself was pinned down between the boxes in the wagon, his face, hands and ears were cut and bruised and one of his arms and one of his legs permanently injured.  He claims that the negligence of the defendant company caused these injuries and that he is entitled to recover compensation therefor from the company.

The defendant denies that it was negligent in any respect. It claims that the sagging of the wire was the result of an unusual storm, and further that the plaintiff was warned of the danger, and after such warning negligently incurred the risk by failing to take proper care to locate the sagged wire.

The question for you to determine is, whether the injuries complained of in this case were the result of any negligence at all, and if there was negligence, whose was it.

It is a well settled maxim of the law that negligence will not be presumed.   It must be proved, and the burden of such proof is upon the person alleging it, who is the plaintiff in this case.

At the time of the accident, the defendant company had a right to erect and maintain a trolley wire system along Sixteenth street in a lawful manner, and the plaintiff had the right to the

lawful use of the street with his horse and wagon in the prosecution of his business.

If the wire sagged from the effect of an unusual storm of wind and rain, which the defendant could not reasonably have anticipated, there would be no negligence on the part of the defenhant, and the plaintiff cannot recover. But there would be negligence on the part of the defendant if after actual or constructive notice of the injury to the wire the defendant failed to repair the injury within a reasonable time thereafter.

Should you be satisfied from the evidence that the sagging of the wire was the result of the negligence of the defendant in the maintenance, control or operation of its trolley wire system and that the injuries complained of resulted therefrom, your verdict should be for the plaintiff, unless you believe that the plaintiff himself was guilty of contributory negligence; in the latter case your verdict should be for the defendant.

Contributory negligence is where the evidence shows that the plaintiff himself was guilty of some negligence which entered into and contributed to the injury at the time of the accident.

Where trolley cars are run by electricity, great care is required in the construction and maintenance of the electricity bearing wires, so that life and property may be reasonably protected and accidents prevented.

This common knowledge of the danger of electricity imposes like great care and precaution, however, upon the traveler upon the highway who has been warned of its dangerous condition.

The plaintiff admits in this case that he was warned that the wire was down. Such warning imposed upon him the duty of the reasonable exercise of all his faculties to prevent accident, and if he failed so to do at the time of the accident he would be guilty of contributory negligence and cannot recover.

If the plaintiff by the reasonable use of his eyesight could have seen the sagged wire in time to prevent the accident and failed to do so, he cannot recover in this suit, even though the defendant was also negligent. In such case the law will not attempt to measure each one's share of the negligence.

We will not attempt to prescribe further just what the plaintiff or the defendant should have done or left undone. The measure of the duty of each one of them was the exercise of reasonable care and precaution; that is, just such care and precaution as a reasonably prudent and careful man would have exercised under like circumstances.

If after careful consideration of the evidence your verdict should be for the plaintiff, it should be for such a sum of money as will reasonably compensate him for the injury to his wagon and its contents; the injury to his horse, and his personal injuries, including therein his pain and suffering in the past and such as may come to him in the future, if any, and also for permanent disability if any, resulting from the accident as may be disclosed by the evidence.

                              Verdict for plaintiff for $500.