IN THE MATTER OF PETITION OF THE ATTORNEY GENERAL TO VACATE THE DECREE NISI IN THE ACTION FOR DIVORCE BY MARY K. SENN *vs.* LEWIS SENN.

DIVORCE—DECREE—VACATION—STATUTE.

Under *Rev. Code* of 1915, § 3026, providing that a decree of divorce *nisi* shall become absolute on the entry of a decree upon application by the plaintiff after one year, unless prior thereto cause is shown to the contrary, the court granting a decree *nisi* to a wife on application of the Attorney General within a year, was authorized to vacate the decree on a showing that the wife had, under another name, married another, contrary to the act of assembly.

(*January* 8, 1915.)

Judges CONRAD and HEISEL sitting.
*Josiah O. Wolcott*, Attorney General, petitioner.
*James Saulsbury* for plaintiff in divorce.
Superior Court, New Castle County, January Term, 1915.

PETITION by the Attorney General for rule to show cause (No. 41, May Term, 1914) why the decree *nisi* granted in the action for divorce (No. 41, May Term, 1914), in New Castle County, by *Mary K. Senn v. Lewis Senn* should not be vacated, it being alleged in the petition that Mary K. Senn had, under another name, within a year from the entry of the decree *nisi*, married another, contrary to the act of assembly.

The rule coming on to be heard, the court vacated the decree.

HEISEL, J., delivering the opinion of the court:

On December 14, 1914, Josiah O. Wolcott, Attorney General of this state, filed his petition alleging that Mary K. Senn filed a petition in this court on April 10, 1914, praying for divorce from her husband, Lewis Senn; that at the May Term, 1914, a decree *nisi* was granted by this court to the said Mary K. Senn; that on the thirtieth day of May, A. D. 1914, the said Mary K. Senn, under the name of Mary C. Lewis, was married to one Harry H. Wurtle, at the Town of Elkton, in the State of Maryland; and prayed that a rule issue directed to the said Mary K. Senn, returnable on the first day of the January Term, A. D. 1915, to show cause why the said decree *nisi* should not be vacated.

Upon the return day of the rule the said Mary K. Senn, by her counsel, appeared, and, while admitting the truth of the allegation of the petition of the Attorney General, contended that the court was without power or authority to vacate the decree *nisi* entered in her case.

The control of the court over decrees *nisi* in cases of divorce or annulling marriage is found in *section* 3026 of the *Revised Code* of 1915, and is as follows:

"A decree *nisi* shall become absolute after the expiration of one year from the entry thereof, unless appealed from or proceedings for review are pending, or the court before the expiration of said period for sufficient cause, upon its own motion, or upon the application of any party, whether interested or not, otherwise orders; and at the expiration of one year such final and absolute decree shall then be entered upon application to the court by the plaintiff, unless prior to that time cause be shown to the contrary."

By the foregoing provision of the statute, the decree *nisi* is made absolute after the expiration of one year from the entry thereof, unless the court otherwise order.

We think this ample authority for the court to vacate a decree *nisi* in cases of divorce and annullment of marriage, before the expiration of a year after the entry of the decree *nisi*, should the facts brought to the attention of the court in the proper manner satisfy them that the decree should not be made absolute. We think this is such a case and therefore order the decree *nisi* vacated.