[File No. 7078]

ALFRED CLAUS RAINDAHL, Respondent, v. KATHERINE RAINDAHL, Appellant.

(30 NW2d 717)

Opinion filed February 4, 1948

*Halvor L. Halvorson,* for appellant.
*Wyckoff & Schulte,* for respondent.

CHRISTIANSON, Ch. J. This is an action for a divorce on the ground of desertion. The parties were married on December 30, 1930, and at once took up their home at Palermo, North Dakota. They lived together as husband and wife in their home at Palermo until the summer of 1944. In the complaint the plaintiff alleges that a short time prior to the fourth of July, 1944, the defendant deserted the plaintiff, and since that time "the said defendant has failed and refused to live with this plaintiff or to make a home for him or to reside in a home at Palermo, North Dakota, which this plaintiff has at all times been ready and will-

ing to furnish to the said defendant" and that such desertion has continued for more than one year immediately preceding the date of the commencement of the action. The defendant in her answer denied the charge of desertion. The case was tried upon the issues so framed. The trial court made findings in favor of the plaintiff and ordered judgment in favor of the plaintiff for a divorce. The defendant has appealed and demands a trial anew in this court.

The plaintiff is an employee of the Great Northern Railway Company and his work requires him to be away from home much of the time. He testified that in June 1944, after an absence of some two weeks in connection with his work he returned home late one evening and found the house locked and was unable to gain entrance. That later he discovered his wife had gone to Minot some 47 miles distant and was staying there with a married daughter. This according to the plaintiff was the initial step in the desertion.

The defendant denied that this occurred as testified to by the plaintiff. She testified that he came home the latter part of June; that he said the door was locked but that this was not so; that it was about 12 o'clock at night, that the light was on, that he stated that he was going to Des Lacs to work, and that he stayed at home that night. The defendant, however, does admit that she left their home in August 1944 and went to stay with her daughter in Minot. She testified that the chimney of the house in which she and her husband were living in Palermo had blown down and that as a consequence she could not continue to live in the house. She testified that she asked her husband to have the chimney repaired but that repairs were not made and that because of such state of disrepair of the house, she had gone to Minot to stay with her daughter as it was inconvenient and undesirable to continue to live in the house.

The testimony of the parties is in many respects quite unsatisfactory. That is true as to the act which is said to have been the initial step in the desertion. There is nothing to show the condition of the house, other than that the chimney had blown

down, and the statement of the defendant that because of this state of disrepair she went to Minot and stayed with her daughter. It is, also, true of the testimony relating to the subsequent relations and communications between the parties. In many instances the testimony as to communications between the parties consists of conclusions of the witness rather than a statement of what was said.

We have carefully considered all the evidence and are in doubt as to what disposition should be made of the case. The state of the evidence is unsatisfactory as viewed from the standpoint of either the plaintiff or the defendant. It seems that additional evidence may be introduced and that on the principal features of the case the testimony of the parties themselves may be clarified, and that it can be shown more clearly what was said and what took place, and the conditions existing, at the time the alleged desertion is claimed to have begun. Upon the record presented we do not feel justified in reversing the judgment nor do we feel justified in affirming it. We believe rather that the case is one in which the ends of justice will be best subserved by remanding the case for a retrial in accordance with the precedent set by Landis v. Knight, 23 ND 450, 137 NW 477; Williams County State Bank v. Gallagher, 35 ND 24, 159 NW 80; Sutherland v. Noggle, 35 ND 538, 160 NW 1000; Drivdahl v. International Harvester Co. 43 ND 284, 174 NW 817; King v. Talmadge, 45 ND 530, 178 NW 280.

It is therefore ordered that the case be remanded for a retrial.

NUESSLE and BURKE, JJ., and BRODERICK and THOM, JR. District Judges, concur.

BURR and MORRIS, JJ. did not participate.