Albert A. Duerner, petitioner-appellant,

*v.*

Josephine Duerner, defendant-respondent.

[Argued May term, 1948. Decided September 3d, 1948.]

*Messrs. Gilhooly & Yauch* (*Mr. Edward J. Gilhooly,* of counsel), for the petitioner-appellant.

*Mr. Matthew Krafte,* for the defendant-respondent.

The opinion of the court was delivered by

McLEAN, J.

This is an appeal from the dismissal of a petition for divorce. The charge was adultery. The offensive acts were alleged to have been committed in the month of March, 1926, 20 years prior to the filing of the petition on July 24th, 1946. The petition was dismissed because the guilt of the defendant was known to petitioner and he offered no adequate explanation for his failure to sue for a dissolution of the marriage for more than 20 years. Appellant contends that the delay in bringing his suit should have been set up in the answer and failure to do so deprived respondent of that defense; that the petition was improperly dismissed and on the proofs he was entitled to a decree.

The contention of appellant disregards the philosophy of the act and procedure in divorce matters. The pertinent portion of the Divorce Act provides:

"Proceedings in any suit commenced under this chapter shall not be set aside, annulled or made void for any defect in matter of form or for any mistake or omission not affecting the real merits of the cause, and the Chancellor may permit either party to amend his proceedings in the cause, either in matters of form or substance, and proceed to give judgment according to the merits of the case." *R. S. 2:50–20.*

"It has been well said that in granting of divorce, the State as well as the parties is interested, and that the public is represented by what is called 'the conscience of the court' and a judicial investigation of all such cases, particularly when they are *ex parte,* should be pursued with the utmost diligence for the purpose of determining the *bona fides* of the application." *Griffiths* v. *Griffiths, 69 N. J. Eq. 689.* Cited in *Henry* v. *Henry, 79 N. J. Eq. 493;* affirmed, *81 N. J. Eq. 512;* wherein it is also stated that the analogy of ordinary actions cannot be applied.

It follows that the failure of the defendant to set up in her answer the delay in bringing the suit cannot deprive the court of its jurisdiction to dispose of the case on the merits and in the public interest.

On the merits, the advisory master found:

"The petitioner has offered no adequate explanation for his failure to sue for a dissolution of the marriage, for more than two decades. He states that he refrained from bringing suit against his wife until his son had grown to manhood, because he did not wish to deprive his child of a home. This excuse is unconvincing because he made no attempt to furnish his son with a home. His effort in this respect was limited to a contribution of $4 a week for the boy's maintenance."

This court will give great weight to the findings of an advisory master who has an opportunity to observe and consider the conduct and demeanor of witnesses. *Carlan* v. *Phelps, 91 N. J. Eq. 312;* and in this case our own examination of the testimony leads to the same conclusion.

There is no statute in this State limiting the time within which a suit for divorce may be brought. Although delay in bringing a suit after the discovery of the commission of the offense which is the ground of divorce of itself constitutes no bar, yet it is a circumstance always open to observation and may, in many cases ought, to determine the court against granting relief, because if the interval be very long between the date of the offense and knowledge of the facts and the bringing of the suit, the court will be inclined to infer either an insincerity in the complaint, an acquiescence in the injury

or a condonation of it. *Cummins* v. *Cummins, 15 N. J. Eq. 138; Baker* v. *Baker, 63 N. J. Eq. 593; Barlow* v. *Barlow, 122 All. Rep. 888.* A husband cannot wait to make his charges until the years dim the relevant proofs to the contrary. If he is not diligent he must lose his right to relief. *Tarbell* v. *Tarbell, 123 N. J. Eq. 581.* The delay must be satisfactorily explained, and the cited cases clearly show that the explanation must be presented as a part of the testimony in support of the petition.

The petitioner was required to make a satisfactory explanation for his delay in charging his wife with adultery more than 20 years after he had knowledge of the facts upon which the charge was based. In this he failed. A petition not sustained by adequate proof should be dismissed. *Bartling* v. *Bartling, 106 N. J. Eq. 97.* We conclude that the advisory master reached the right result by dismissing the petition.

The decree dismissing the petition is therefore affirmed.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, JACOBS, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 14.

*For reversal*—None.