ARNOLD S. STREET, Plaintiff, v. EMILY G. STREET, Defendant.

(*December* 29, 1953.)

HERRMANN, J., sitting.

*Ralph S. Baker* for the plaintiff.

Superior Court for Sussex County, No. 251, Civil Action, 1953.

HERRMANN, J.:

The plaintiff filed a petition for divorce upon the ground of desertion, alleging marriage in 1926 and desertion in 1944. The action was not defended and, after hearing on November 13, 1953, a decree *nisi* was granted.

On November 19, 1953, the plaintiff appeared before the Court as a party in another action. During that hearing, a woman testified that she had lived with the plaintiff as his "common law wife" from 1944 to 1953. The witness was not the defendant in this action. The Court recognized the plaintiff and took notice of the effect of the testimony upon the divorce proceeding of the previous week. Upon its own motion, the Court directed the issuance of a Rule to Show Cause why the decree *nisi* should not be vacated. Upon the return of the Rule, it was found that the plaintiff had been guilty of adultery during the years 1944 through 1953 and that the adultery remained uncondoned as of the date of the granting of the decree *nisi*.

 It is the public policy of this State that a divorce decree may not be granted to a petitioner who is guilty of adultery not condoned. The Statute expressing that public policy, 13 *Del. C.* § 1524, provides:

"Bars to divorce

"No decree for divorce shall be granted, if it appears to the satisfaction of the court that the suit has been brought by collusion, or that the plaintiff has procured or connived at the offense charged, or has condoned it, or has been guilty of adultery not condoned."

It has been suggested that the foregoing Statute does no more than to create defenses and that, unless pleaded and proved by the defendant in a contested case, the specified bars to divorce are not operative. This is contrary to long-established theory and

practice in this Court. It is the recognized duty of the Court to enforce the public policy expressed in 13 *Del. C.* § 1524 in all divorce cases, uncontested and contested alike. The bar of the Statute does not remain dormant until a spouse may choose to defend and invoke it. The clear mandate of the Statute does not permit such passive attitude on the part of the Court.

Because of the sanctity of the marriage relation and its vital importance to the public welfare, a divorce case is more than a private controversy between the parties. The State is an interested party in every divorce proceeding and the interests of the public are represented and protected by the Court. *Duerner v. Duerner*, 142 *N. J. Eq.* 759, 61 *A.* 2d 307, 4 *A. L. R.* 2d 1319; *Cortese v. Cortese*, 163 *Pa. Super.* 553, 63 *A.* 2d 420. In every divorce case, therefore, the duty rests upon the Court to be vigilant and to refuse a decree to a party not entitled to it under the law, although no defense, or only a selected defense, is made. *O'Donnell v. O'Donnell, Md.,* 99 *A.* 2d 741; *cf. Senn v. Senn*, 5 *Boyce* 259, 92 *A.* 987. If this were not so, parties might be divorced by consent although without right and in violation of the expressed public policy of the State.

In *Wiener v. Wiener*, 7 *Terry* 343, 83 *A.* 2d 749, the Court discussed certain procedural aspects of raising defenses in contested cases. That case does not affect the force of 13 *Del. C.* § 1524 or the duty of the Court thereunder.

I am satisfied that the plaintiff's attorney was not aware of the plaintiff's disqualification for divorce until the uncondoned adultery came to the attention of the Court in the later case.

The decree *nisi* will be vacated.