ANNA C. KANE v. CLAIR M. REED, EDWARD J. REED.

(*January* 5, 1954.)

Heard by RICHARDS, P. J., on April 14, 1953, without a jury.

*Vincent A. Theisen* for the plaintiff.

*William Prickett* for the defendants.

Superior Court for New Castle County, No. 225, Civil Action, 1951.

RICHARDS, P. J.:

The first question to be considered is, whether the defendant, Clair M. Reed, was guilty of negligence at the time of the accident involved in this litigation, and whether her negligence was the proximate cause of the accident and the resulting injury to the plaintiff.

Negligence is the want of due care; meaning, the want of such care as a reasonably prudent and careful person would

use under similar circumstances. This principle has been recognized by a long list of Delaware cases.

■ In order to rely upon negligence as the basis of an action for damages it must appear that it was the proximate cause of the injury to the plaintiff. 1 *Thompson Negligence*, Sec. 44.

The defendants deny that Clair M. Reed drove the automobile at the time and place in question negligently; and in addition thereto contend that the plaintiff was guilty of contributory negligence and had the last clear chance to avoid the accident.

As stated in the case of *Island Express Inc. v. Frederick*, 5 *W. W. Harr.* (35 *Del.*) 569, 171 *A.* 181, 184, "the word 'negligence,' is habitually used in referring to a defendant, and, the words, 'contributory negligence' with reference to a plaintiff. But negligence is negligence by whomever committed. What would be negligence if committed by a defendant would likewise be negligence if committed by a plaintiff". In the same case the Court further said, "As between two negligent persons, it may be apparent that both are negligent to such degree that each of their negligent acts is a proximate, or an effective legal cause. It may be seen that the act of one is the proximate or effective legal cause, while the act of the other, while a negligent act, would never have caused the injury, unless subsequently supplemented by the negligence of the one."

■ The doctrine of last clear chance, relied upon by the defendant, simply means proximate cause, and is available to the plaintiff to the same extent that it is available to the defendant. *Island Express, Inc., v. Frederick, supra.*

The regulations of the Street and Sewer Department, at Section 302(a), provide, "The driver of a vehicle or coach shall yield the right of way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at the end of a block, except at intersections where the movement of traffic is being regulated by police officers or traffic control signals".

The above quoted regulation was introduced in evidence and it was admitted that there were no traffic regulations at the intersection where the accident occurred.

The plaintiff testified that while she was standing on the curb of Gordon Street, 2 feet from the curb of Market Street, she saw the defendant's automobile standing on Gordon Street; that after standing on the curb for 30 or 40 seconds she started across Gordon Street but after she had proceeded 3 feet she saw the defendant's automobile begin to move; that it continued on striking her and throwing her on the southerly side of Market Street where she landed on her head.

The defendant, Clair M. Reed, testified that as she approached the intersection of Gordon and Market Streets she saw the plaintiff standing on the curb; that after being held up for 3 minutes by traffic on Market Street, she started to drive into the intersection and saw the plaintiff still standing on the curb; that after she had proceeded about 3 feet the automobile which she was driving struck the plaintiff.

The plaintiff might have avoided the accident if she had remained on the curb longer, and may have been guilty of negligence by not doing so, but if such were the case her negligence was not the proximate cause of the accident.

The defendant, Clair M. Reed, saw the plaintiff standing on the curb when she first stopped on Gordon Street and still noticed her there when she again started the automobile. By keeping a proper lookout, as was her legal duty, she could have seen her start to cross the street in time to avoid striking her and by not doing so she was guilty of negligence which was the proximate cause of the accident.

Having arrived at this conclusion it necessarily follows that judgment must be rendered for the plaintiff.

The amount of the judgment must be determined from the injuries which the plaintiff sustained as a result of the accident, including her pain and suffering, and the amount which

she was required to spend to have her injuries properly treated and cared for. It was brought out at the trial that it was necessary for the plaintiff to spend the total amount of $127.50 for hospital expense, doctors bills and medicine, which must be included in the judgment.

The extent of the plaintiff's injuries immediately after the accident did not seem to be large. She was taken to the Delaware Hospital by the officers who investigated the accident, treated in the emergency ward for a bump on the back of her head, released and taken home by the same officers. While sitting on the sofa at her home she developed a headache and sent for Dr. Chavin, her family physician. He found her suffering from a concussion of the brain, nerve injury and general shaking up but no evidence of a fractured skull. He treated her for this trouble for a period of 7 months and when her headache persisted had her skull X-rayed at the Delaware Hospital. The result failed to show the existence of a fracture.

The plaintiff was also examined by Dr. Springer in March of 1951 who found no permanent organic brain damage from her injury. Dr. Gordy, a neurological surgeon, examined her in May of 1951 and agreed with the finding of Dr. Springer. He further testified that an early settlement of the case would probably improve her condition.

The plaintiff never having been employed, the only measure of damages to be considered is pain and suffering resulting from the accident.

Pain and suffering, as an element of damage, has long been recognized by the courts throughout this country. *Coppinger v. Broderick*, 37 *Ariz.* 473, 295 *P.* 780, 81 *A. L. R.* 423.

The courts of some states have adopted what is known as the "reasonable certainty" rule, meaning, that damages may be recovered only for such pain and suffering as it is reasonably certain will result from the injury received. Others have adhered to the "reasonable probability" rule, meaning, that dam-

ages must be confined to such pain and suffering as it is reasonably probable will result from the injury.

The latter rule has been substantially followed by the court in this state. *Prettyman v. Topkis,* 9 *W. W. Harr.* 568, 3 *A.* 2d 708.

In determining the amount of damages to be allowed a plaintiff for pain and suffering the facts of the particular case are controlling.

After reviewing the testimony introduced during the trial, I am convinced that the plaintiff should be allowed for this element of damage the sum of $700.

Judgment for the plaintiff for $827.50.