105 A.2d 458 (1954)
DEANGELIS
v.
U. S. A. C. TRANSPORT, Inc.
Superior Court of Delaware, New Castle.
May 27, 1954.
Heard by RICHARDS, P. J., without a jury.
David B. Coxe, Jr., Wilmington, for plaintiff.
Samuel R. Russell (of Tunnell & Tunnell), Georgetown, for defendant.
RICHARDS, President Judge.
It appeared from the evidence introduced at the trial, that on April 29, 1952, the defendant's agent was operating its tractor truck in a northerly direction over a bridge on a dual highway known as route number 1 near Baltimore, Maryland; that the operator of a car immediately in front of defendant's tractor truck put on his directional signals indicating an intention to turn to the right; that defendant's agent, seing said directional signals on the car immediately in front of him started to pass *459 said car by turning said tractor truck to the left; that as defendant's agent started the movement of the tractor truck to the left, said car immediately in front of said tractor truck instead of making a direct turn to the right, turned to the left across or near the center line of the highway, describing a semi-circle before making its turn to the right into a road leading off the highway; that this turn to the left by the car immediately in front of the defendant's tractor truck after the driver of said car had indicated his intention to turn to the right, caused the defendant's agent to pull its tractor truck sharply to the left striking the center rail of the bridge; that after defendant's agent had pulled its tractor truck sharply to the left and struck the center rail of the bridge, said tractor truck was struck in the rear by the vehicle being operated by the plaintiff causing the damage for which the plaintiff now seeks to recover; that prior to the collision the plaintiff was also proceeding in a northerly direction over the bridge on said dual highway known as route number 1, but instead of traveling in the lane on the right, he was traveling in the lane on the left; that there was a school bus immediately back of the defendant's tractor truck in the lane on the right and the plaintiff's vehicle and the school bus were apparently proceeding side by side across the bridge.
The owner of the car immediately preceding the defendant's tractor truck who indicated his intention to turn to the right by putting on his directional signals is not a party to this action and I am, therefore, not required to determine what his liability, if any, is.
The Maryland statutes which it is contended are applicable to the case are found in the Annotated Code of Maryland, Article 66½, Sections 182, 189(a), 193(a, b), which are as follows:
"Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows:
"(1) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement".
"189. (a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the roadway".
"193. (a) No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement".
"(b) An adequate signal of intention to turn right or left shall be given during not less than the last 100 feet traveled by the vehicle before turning".
Also Article 66½ of the Annotated Code of Maryland, Section 186(b), is as follows:
"No vehicle shall, in overtaking and passing another vehicle or at any time, be driven to the left side of the roadway under the following conditions:
* * * * * *
"(2) When approaching within 100 feet of any bridge, viaduct, or tunnel, or when approaching within 100 feet of, or traversing any intersection or railroad grade crossing".
The contention is made, that notwithstanding the fact that the express wording of Section 186(b), above quoted, prohibits driving to the left side of the road in overtaking and passing another vehicle, when approaching within 100 feet of any bridge, it applies with equal force to vehicles being operated upon a bridge.
A careful reading of this section discloses that it makes a distinction between vehicles approaching within 100 feet of a bridge, viaduct or tunnel, and vehicles approaching within 100 feet of any intersection or railroad grade crossing, in that, when referring to vehicles approaching within 100 feet of any intersection or railroad *460 grade crossing, it uses the language "when approaching within 100 feet of or traversing any intersection or railroad grade crossing".
If the Maryland Legislature intended the statute to apply with equal force to vehicles crossing a bridge and vehicles approaching within 100 feet of a bridge, I cannot understand why it made the above mentioned distinction. I cannot agree with the contention made by the defendant that the statute applies to vehicles being operated upon a bridge.
It has been held in both Maryland and Delaware that the violation of a statute declaring a rule of the road is negligence per se, but that such negligence is not actionable unless it is the proximate cause of damage to another. Ausherman v. Frisch, 164 Md. 78, 163 A. 852; Warren v. Anchor Motor Freight, Inc., Del.Super., 81 A.2d 321.
The failure to exercise such care as a reasonably prudent and careful person would exercise under similar circumstances constitutes negligence. When such negligence is the proximate cause of injury to another, or damage to property, the person or agency responsible therefor is liable for the damage sustained.
The driver of the car immediately in front of the defendant's tractor truck, probably misled defendant's agent when he turned his car to the left, after indicating by his directional signals that he intended to turn to the right; but it was the duty of defendant's agent to give the driver of the car immediately in front of him ample opportunity to make the indicated turn to the right before attempting to pass it. When the car immediately in front of him indicated that it intended to turn to the right it was the duty of defendant's agent to take the course that a reasonably prudent person would take to avoid an accident. He was not justified in attempting to pass the car immediately in front of him to the left as soon as the driver of said car indicated that he intended to turn to the right.
Reasonable care and caution required him to ascertain definitely what course the car immediately in front of him intended to take in order to make its turn to the right. The conditions which existed at the time and place may have made it necessary for said car immediately in front of him to bear to the left in order to make its turn to the right.
Section 193(a), Article 66½, Annotated Code of Maryland, above quoted, requires every driver of a motor vehicle to ascertain if his movement can be made with reasonable safety, before turning from a direct course upon a highway.
I am convinced that the defendant's agent failed to exercise due care before attempting to pass the car immediately in front of him and was therefore, guilty of negligence. Having arrived at this conclusion it is necessary for me to determine whether such negligence was the proximate cause of accident which resulted in the damage to the plaintiff.
The evidence disclosed that there was a line of traffic proceeding across the bridge on the right half of the roadway, at the time and place in question consisting of at least four cars. The plaintiff was not driving on the right half of the roadway in this line of traffic, but was driving on the left half of the roadway parallel to the line of traffic. Immediately before the accident he was driving by the side of a school bus which was crossing the bridge in the line of traffic on the right half of the roadway. If he had been driving on the right half of the roadway with the line of traffic the accident would not have happened. This is true because he would not have been in the position of danger that he found himself in when the defendants' agent turned its tractor truck to the left.
Article 66½, Section 182, of the Annotated Code of Maryland requires that all vehicles shall be driven on the right half of the roadway, upon roadways of sufficient width, except when overtaking and passing another vehicle proceeding in the same direction, under the rules governing such movement.
*461 As I have previously stated, the Maryland Statute does not prohibit driving a motor vehicle to the left side of the roadway when overtaking and passing another vehicle on a bridge, but the driver of such a vehicle is required to observe the rules governing such movement. He must also use the same degree of care that a reasonably prudent and careful person would use under like circumstances. By driving on the left side of the roadway and not following the line of traffic which was proceeding across the bridge on the right side of the road, the plaintiff failed to exercise that degree of care which a reasonably prudent and careful person would exercise under such circumstances and was himself guilty of negligence. The negligence of the plaintiff was occasioned by his failure to drive on the right half of the roadway, in the line of traffic, at the time and place in question, under the existing circumstances. I am convinced that the plaintiff's own negligence was the proximate cause of the accident and he is, therefore, not entitled to recover.
Judgment for the defendant for costs.