ALEXANDER T. WAVRINEVICH, also known as Alexander T. Wawrynewick, v. TESSIE WAVRINEVICH, also known as Ceslawa Wawrynewick.

(*May* 1, 1961.)

CAREY, J., sitting.

*Vincent A. Theisen* and *Victor F. Battaglia* (of Theisen and Lank) for petitioner.

*Joseph Donald Craven* for respondent in the rule.

Superior Court for New Castle County, No. 751, Civil Action, 1960.

CAREY, J.:

A decree *nisi* based upon charges of adultery was granted to the plaintiff on July 15, 1960. No answer to the divorce petition had been filed at that time, and the defendant did not appear personally or by counsel at the hearing. On October 6, 1960, the wife filed a motion to set aside the decree and to dismiss the petition. A stay of the final decree was entered pending decision on this motion. Thereafter, the plaintiff moved to dismiss her motion on the ground that it fails to state a claim on which relief can be granted. Affidavits having been filed by both parties, under Rule 12(b) Superior Court Rules, *Del. C. Ann.* this motion will be treated as one for summary judgment as to the wife's application. This posture of the case requires that those allegations most favorable to the defendant be treated as true for present purposes. *Engle v. Poland,* 8 *Terry* 365, 91 *A.* 2d 326.

One ground assigned by the wife is that the plaintiff has been guilty of adultery since the entry of the decree *nisi.* The affidavits and counter-affidavits on this point raise issues of fact which can only be resolved after a hearing. Adultery may be proven by circumstantial evidence and the inferences to be drawn from the circumstances are matters for the trier of facts. Summary judgment is particularly inappropriate for the determination of such questions in divorce cases.

The legal issues raised by the plaintiff on this counter-charge are of some importance. They involve Title 13 *Del. Code* Sec. 1524 and Sec. 1528. Prior to August 24, 1959, Sec. 1524 read as follows:

"No decree for divorce shall be granted, if it appears to the satisfaction of the court that the suit has been brought by collusion, or that the plaintiff has procured or connived at

the offense charged, or has condoned it, or has been guilty of adultery not condoned."

The foregoing section first appeared in our divorce act of 1907 as Sec. 5, 24 *L. of D.*, Ch. 221. It remained unchanged until amended in 1959 by 52 *L. of D.*, Ch. 182, in which the words "or has been guilty of adultery not condoned" were eliminated. The plaintiff suggests that this amendment was passed for the express purpose of abolishing adultery as a defense except under Sec. 1528, that is, in a suit brought on that same ground and, even then, only when seasonably raised by a defendant. It is presently unnecessary to consider the intent or result of the amendment to Sec. 1524. I shall assume, without deciding, that adultery is no longer a defense except under Sec. 1528, although I understand that this assumption has been questioned in another case before the Court.

In making the change in Sec. 1524, the Legislature must have been aware of the provisions of 1528, yet it left the latter section untouched. It seems obvious, therefore, that no change in it was intended. Its language is as follows:

"On a petition for divorce for the cause of adultery, if the defendant recriminates and proves that the plaintiff has been guilty of the like crime, or has admitted the defendant into conjugal society or embrace after knowledge of the adultery, or that the complainant, if husband, allowed of his wife's prostitution, the petition shall be dismissed. When a defendant or *particeps criminis*, or one representing an absent or uncontesting defendant, pleads recrimination by way of defense, the court shall first hear the testimony relating to the charge of recrimination and if it is satisfied that the charge has been proven, the petition, without further testimony, shall be dismissed."

It is necessary to outline the history of this section. The first sentence thereof was included in substance in our first

general divorce statute adopted in 1832. 8 *L. of D.*, Ch. 144. It has remained in our statute books to the present date with very slight change. Basically, it represents an acceptance of certain substantive rules of the Ecclesiastical Courts. See *Beeby v. Beeby*, 1 *Hagg. Ecc.* 789, 162 *Eng. Rep.* 755; *Fuller v. Fuller*, 41 *N. J. Eq.* 198, 3 *A.* 409. In divorce matters, the decisions of those Courts have been recognized in Delaware as "great lights and sound guides" and have been generally followed by us in administering our divorce law in the absence of some express statutory provision. *Jeans v. Jeans*, 2 *Harr.* 38; *S. v. S.*, 3 *Terry* 192, 29 *A.* 2d 325.

The second sentence of this section was first adopted in 1915. 28 *L. of D.* Ch. 217. On its face, it appears to be a purely procedural provision. Plaintiff, however, seizes upon it together with parts of the first sentence as the basis for a substantive argument. He contends, as I understand it, that any defense set forth therein is considered only if a defendant recriminates and proves it; if adultery be pleaded, the Court must first hear the testimony relating to that defense; if it be proven, the Court must dismiss the petition without hearing the evidence concerning a defendant's adultery; the defense must, therefore, be raised prior to, or at, the hearing on the petition for divorce; adultery of the plaintiff occurring after the decree *nisi* cannot constitute a defense under the section since it of course cannot be raised at the time required by the statute. I find it impossible to agree with this argument. It ignores the historical background outlined above. The first sentence was on the books nearly a hundred years before the second one was added. The first one stated a positive rule of substantive law. It says nothing about the time when the defenses may be raised and contains no express language to prevent a defendant from raising them after the entry of the decree *nisi*. The marital status continues to exist until the final decree is entered. *Vinyard v. Vinyard*, 4 *Terry* 422, 48 *A.* 2d 497; *In re Petition for Adoption*, 21 *Del. Ch.* 433, 180 *A.* 643. Prior to that time, intercourse with a

third person is still adultery. As the Act stood prior to 1915, it seems plain that the right to raise the enumerated defenses was not cut off by the entry of the decree *nisi*.

■ Was the Act of 1915 intended to alter this? Such a change would indeed constitute a material alteration of substantive law. Surely, if the Legislature had intended that result, it would have used explicit and precise language for that purpose, rather than language which suggests on its face nothing more than a new rule of procedure. I am convinced that the sole purpose of adding this second sentence in 1915 was to eliminate the waste of time required to hear the charges made against a defendant, if the counter-charge should be proven. It was not intended, in my opinion, to forbid a defendant from showing adultery on the plaintiff's part after the decree *nisi* and before the final decree.

Any interpretation of Sec. 1528 should be made in the light of the well established policy that the State is a party to a divorce action. There is no such thing as a true default judgment in a divorce case; a petitioner must prove his case even though no defense is made, and the Court frequently has denied decrees in uncontested cases where the plaintiff's own evidence has, accidentally or otherwise, shown to the Court that a valid defense exists. In *Street v. Street*, 9 *Terry* 272, 101 *A*. 2d 803, the Court set aside a decree *nisi* on its own motion upon learning of plaintiff's adultery during the trial of another case. This ruling was, of course, under Sec. 1524 prior to its recent amendment but I have no doubt that the Court would take similar action under 1528. The interest of the State in divorce matters is also vividly illustrated by the case of *Senn v. Senn*, 5 *Boyce* 259, 92 *A*. 987, in which a decree *nisi* was set aside upon application of the Attorney General. In view of this general policy, the amendment of 1915 should not be construed in the manner which plaintiff suggests, when its language indicates that the Legislature had no intent to change the substantive law.

I refrain at this time from discussing that part of the wife's application which seeks a reopening of the case in chief. A determination of the questions raised thereunder may prove unnecessary. It seems consistent with the procedure set forth in Sec. 1528 to hear the countercharge first; if it is not proven, I will then consider the alternative prayer.

The present petition will be granted to the extent of hearing the evidence concerning plaintiff's alleged adultery. A date for the hearing will be set at the Court's earliest convenience.