BERNICE, MARIE LAUGHLIN, Plaintiff-Appellant, v. ROBERT GERALD LAUGHLIN, Defendant-Appellee.

(*June* 15, 1965)

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

*Robert W. Wakefield*, of Foulk, Walker, Miller & Wakefield, for appellant.

No appearance for appellee.

Supreme Court of the Sate of Delaware, No. 11, 1965.

CAREY, Justice.

This appeal seeks reversal of a judgment of the Superior Court denying a divorce decree sought on the ground of cruelty. That denial was based upon the failure to prove extreme cruelty within the meaning of the Delaware Statute. T. 13 Sec. 1522.

At the trial, plaintiff testified that she and the defendant were married in January, 1959 and lived together until she left the home in December, 1963. On the latter date, according to her testimony, she went to Philadelphia to see her aunt who was ill. Upon her return that night, her husband grabbed her, hit her in the face and knocked her down. He then ordered her to pack her suitcase and leave the house. She did so and spent the night with a girl friend. Plantiff was asked this question: "Had you had arguments of this sort before?" She replied: "Yes".

The only corroboration of any feature of the case was the testimony of the girl friend, who agreed that plaintiff came to her home about one or two o'clock in the morning with her suitcase and stayed the rest of the night. She also stated that plaintiff looked like a "wreck", she was "shaky and white" and her face, neck and arm were red "from when he had grabbed her".

Aside from the question of whether the statutory ground was proven, the record is deficient in certain other respects. There was no proof whatever of residence of either party—a jurisdictional requirement under T. 13 Sec. 1525. There was no corroboration of the marriage or the continued separation of the parties since December, 1963. The trial Judge did not discuss these matters, obviously because of his finding that extreme cruelty had not been proven.

Even though defendant did not appear and interpose a defense, plaintiff nevertheless had the burden of proving her right to divorce. *Street v. Street*, 9 Terry 272, 101 A.2d 803. She was obliged to show that the cruelty was such act or acts as to create a reasonable apprehension of danger to the life or health or to render cohabitation unsafe. *Jackson v. Jackson*, Del., 178 A.2d 455. This statutory requirement may or may not be satisfied by proof of a single act of cruelty, depending upon its nature, the surrounding circumstances, its effect upon the injured party and various other factors. *Stutz v. Stutz*, 139 N.J.Eq. 385, 51 A.2d 432.

In the present case, only one act is described, and few of its

details are given. In substance, all we know is that, after five years of cohabitation and apparently without any provocation or reason whatever, the husband met his wife at the door, knocked her down and ordered her to leave. The physical result of his acts was to leave some red marks upon her face, neck and arms. Taken alone with no further facts, this episode clearly does not justify a conclusion that future cohabitation was unsafe, or that her life or health was endangered. In fact, plaintiff did not even say that any such belief existed in her own mind. Aside from this single episode, the only evidence which could possibly be thought to support such a conclusion is the bare statement that the parties had had arguments of this sort before. We are told nothing of the details of those "arguments". The statement is equivocal, and at most leaves many questions unanswered. Were they physical attacks or mere verbal disputes? Why did they take place? Who was the aggressor? How long before December, 1963 did they occur? If, as plaintiff suggests, the events of december, 1963 were the culmination of a series of similar occurrences of sufficient severity to justify the necessary finding, a decree may be warranted; but if that be the situation, it is difficult to understand why all the facts were not brought out.

The trial Judge attempted to make clear to counsel the deficiencies in the evidence. Only two possible explanations of counsel's failure to supply those deficiencies come to mind. The reason may be that there was no sufficient additional evidence to present; in that event, plaintiff is not entitled to a decree on the ground of cruelty. The other explanation may be that counsel did not grasp the meaning of the Judge's comments or, having rested his case, felt that he could not get additional evidence into the record; if the case was not fully presented for this reason, it may be that plaintiff is entitled to a decree. As the matter now stands, we do not know whether the judgment should be affirmed or reversed. We are reluctant to affirm on the basis of the record before us, because the defects therein may be the result of mistake or inadvertence of counsel for which plaintiff should not be penalized. We, therefore, are of the opinion that the appropriate course, under the peculiar situation presented, is to remand the case for further hearing in order to give plaintiff the opportunity to have all the facts of

her case presented. Although this disposition of the appeal is admittedly unusual, it is not without precedent. See, for example, *Raindahl v. Raindahl,* 75 N.D. 560, 30 N.W. 2d 717. Moreover, it is in accord with the philosophy of Superior Court Rule 60(b), *Del. C.* Ann.

The case will be remanded for further proceedings consistent with this opinion.