Teresa N. WHITE, Plaintiff,

v.

Lloyd Joe WHITE, Defendant.

Superior Court of Delaware.

New Castle.

May 13, 1969.

Sheldon N. Sandler, Wilmington, for plaintiff.

Sidney Balick, Wilmington, for defendant.

## OPINION

STOREY, Judge.

This is an action for divorce on the ground of alleged extreme cruelty. At trial, the plaintiff-wife testified to alleged acts of violence against her by defendant-husband occurring on July 29, 1967, February 8, 1968 and sometime in June of 1968. She also testified that she left him in March of 1968, when she was referred to the State Hospital. Testimony of one of the parties' neighbors corroborated some of the details of plaintiff-wife's testimony concerning the July 29th incident. This testimony, however, did not indicate an observance on the part of the witness of any physical violence between the parties, and indeed, was, in some respects, more consistent with an absence of any aggression on the part of defendant-husband. As a convenience to defendant-husband's psychiatrist witness, he was permitted to testify prior to presentation of plaintiff's case. The psychiatrist, who had previously treated both parties, although plaintiff-wife had received more extensive and recent treatment, testified that plaintiff-wife was suffering from a paranoid schizophrenia subjecting her to delusions. The doctor further testified that he did not view defendant-husband as a provocative person. At the conclusion of plaintiff's case, the Court granted defendant-husband's motion for a dismissal under Superior Court Rule 41(b), Del.C.Ann. Plaintiff-wife has now moved for a reopening of the judgment of dismissal under Superior Court Rule 59,

based upon an alleged abuse of discretion on the part of the judge in granting the dismissal.

The issue in this case is whether the trial court's decision to dismiss plantiff's complaint was manifestly against the weight of the evidence.

 To be entitled to a divorce on grounds of extreme cruelty, plaintiff must establish conduct such as to endanger her life or health or to render cohabitation unsafe. 13 Del.Code, Sec. 1522(4). "This statutory requirement may or may not be satisfied by proof of a single act of cruelty, depending upon its nature, the surrounding circumstances, its effect upon the injured party and various other factors." Laughlin v. Laughlin, 210 A.2d 850, 851 (Supreme Ct. Del.1965). Conversely, although the Court does not deem it necessary for purposes of this decision to so hold, more than one act of cruelty may or may not satisfy the statutory requirement, depending upon the same factors. Not to be confused with these legal requirements as to what proven facts constitute extreme cruelty, is the process of proving the facts of a case in the first place. With respect to this latter process, in extreme cruelty cases, there apparently must be at least some corroborative evidence of the testimony of a party before a court is permitted to consider facts of such testimony as proven. Reynolds v. Reynolds, 237 A.2d 708, 711 (Supreme Ct.Del.1967). In the instant case the Court, pursuant to defendant-husband's motion for dismissal, determined the facts of the case and chose to discredit the effect of most of plaintiff-wife's testimony. As a result, the Court found the absence of a cause of action in extreme cruelty. See e.g. Moore, Federal Practice, 2d Ed. Vol. 5, Sec. 41:13(4), p. 1155. (As to power of court to determine facts on a motion to dismiss made after presentation of plaintiff's case). Even assuming that the decision of the Court in this case was against the preponderance of the evidence, unless the decision also was " * * * manifestly and palpably against the weight of the evidence * * * " there is insufficient ground to reopen the judgment. McCloskey v. McKelvey, 4 Storey 107, 174 A.2d 691, 693 (Del.Super. 1961). Even giving plaintiff-wife's testimony full credit, the existence of extreme cruelty would have been a close question. In such a case, the trial court's conclusions as to the weight of the evidence will not be disturbed. Reynolds v. Reynolds, *supra*.

In accordance with the above opinion, plaintiff-wife's motion to reopen the judgment is denied.

It is so ordered.