**Robert C. LOGULLO and Berniece Logullo, his wife, Plaintiffs,**

v.

**Eugene Alan JOANNIDES, Defendant.**

**Civ. A. No. 3621.**

United States District Court
D. Delaware.

June 27, 1969.

Harold Leshem, of Booker, Leshem, Green, Shaffer & Berl, Wilmington, Del., for plaintiffs.

B. Wilson Redfearn and Morton Richard Kimmel, of Tybout & Redfearn, Wilmington, Del., for defendant.

## OPINION

LATCHUM, District Judge.

This litigation stems from a motor vehicle accident which occurred on May 24, 1968 in Wilmington, Delaware. Officer Robert C. Logullo[1] and Berniece, his wife, Delaware citizens, seek damages exceeding $10,000, exclusive of interest and costs, from the defendant, Eugene Alan Joannides, a citizen of the State of Maryland. Jurisdiction is based on 28 U.S.C. § 1332. Plaintiff alleges that as a result of the accident, he sustained permanent personal injuries, endured great pain and suffering, incurred medical expenses and a loss of income. Plaintiff's wife alleges that she sustained the loss of her husband's consortium.

The undisputed facts relating to this accident based on the record[2] before me show that the plaintiff was one of three motorcycle police officers assigned to escort the Mayor of Wilmington and his party, consisting of five automobiles, to the Maryland state line in order to meet a dignitary who was expected to attend a political gathering in Wilmington. At approximately 4:00 p.m. on the date in question the motorcade was proceeding west on Delaware Avenue, a street on which traffic moves in four lanes, two lanes for eastbound traffic and two for westbound traffic. As the procession moved west on Delaware Avenue just be-

---

1. Officer Logullo will be referred to as the "plaintiff."

2. The record consists of interrogatories propounded to and answered by both plaintiffs and defendant and depositions of both plaintiffs, the defendant and five witnesses, viz. Sergeant John Burns, Officers Robert Jones and J. E. Daniello, Messrs. Joseph Thomas and Wayne Jackson.

yond the intersection of Delaware Avenue and Jefferson Street, it was confronted with traffic congestion in both westbound lanes where traffic was at a standstill for some distance ahead. The officer on the lead motorcycle in charge of the escort, Sergeant John Burns, moved the procession into the eastbound lanes and around the backed-up westbound traffic in order to save time. With their red lights flashing but without using their sirens or other audible signals, Sergeant Burns, followed by plaintiff, proceeded west in the eastbound lanes of Delaware Avenue. As Sergeant Burns passed the vehicles which were moving westbound in the proper lanes, he gave no warnings or signals to that traffic that he was leading a motorcade. As the plaintiff followed Sergeant Burns at a distance of about 60 feet, he was keeping a lookout for traffic which might possibly turn left into his path as he was aware that vehicles made such turns across the eastbound lanes in order to reach the Toddle House Restaurant.

The plaintiff had proceeded about one and a quarter blocks in the eastbound lanes when he saw defendant's automobile (which was in the left-hand, westbound lane and which had been passed but a short time before by Sergeant Burns) commence a left turn into the path of plaintiff's motorcycle. The defendant, who was going to the Toddle House, made the turn rather abruptly and suddenly and without giving any turn-signal warnings. Defendant's left turn was made when the plaintiff's motorcycle was about 35 to 40 feet away and traveling at a speed of 20 to 25 miles per hour. Plaintiff immediately applied his brakes but the motorcycle went into a skid for 24 or 25 feet and collided with the rear quarter panel and wheel of defendant's automobile. The impact occurred in the eastbound lanes of Delaware Avenue.

On these uncontroverted facts the defendant has moved for summary judgment in his favor on the ground that plaintiff was contributorily negligent as a matter of law.

It should first be noted that the plaintiffs concede that the Delaware emergency vehicle law[3] which authorizes police vehicles to disregard the rules of the road under certain circumstances, has no application to this case since the mission of the police escort was not an emergency situation as defined by that statute. With this concession, we are then referred to the law applicable to the ordinary driver of any motor vehicle operating upon a public road.

It is a well established principle in Delaware[4] that "the violation of a statute enacted for the safety of others is negligence in law or negligence *per se.*" Nance v. Rees, 2 Storey 533, 161 A.2d 795, 797 (1960) and cases cited therein; Wollaston v. Stiltz, 1 W.W. Harr. 273, 114 A. 198, 200 (Super.Ct. 1921). It is also well settled in Delaware that contributory negligence on the part of a plaintiff will bar his recovery. Jones v. Pennsylvania R. R. Co., 11 Terry 57, 123 A.2d 111, 113 (Super.Ct. 1956). Accordingly, the violation by a plaintiff of a statute or ordinance enacted for the protection of himself and others may, as a matter of law, form the basis for an affirmative defense of contributory negligence and bar a plaintiff's recovery, Wagner v. People's Ry. Co., 7 Pennewill 393, 75 A. 610, 611 (Super.Ct.1909), provided only that the violation of the statute or ordinance did in fact "enter into and contribute to the injury at the time of the accident." *See* Wealth v. Renai, 10 Terry 289, 114 A.2d 809, 811 (Super.Ct.1955); Campbell v. Walker, 2 Boyce 41, 78 A. 601, 604 (Super.Ct.1910). Of course, the violation of a statute or ordinance "enters into and contributes to the injury" whenever it

3.  21 Del.C. § 4106.

4.  This being a diversity suit, with a nonfederal issue for decision, state substantive law is applied. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

appears that the violation was a direct cause or contributing factor without which the accident would not have occurred, there being a natural and unbroken sequence connecting the negligent act or omission and the injury or damage. Chudnofsky v. Edwards, 208 A.2d 516 (Del.Sup.Ct.1965); James v. Krause, 6 Terry 404, 75 A.2d 237, 241 (Super.Ct.1950).

Turning to the record of this case and viewing it most favorably to the plaintiff, there is no genuine issue of material fact relating to the plaintiff's contributory negligence. It is uncontroverted that the plaintiff, at the time of the accident and for some time prior thereto, was driving his motorcycle on the wrong side of the street in violation of 21 Del.C. § 4114. Furthermore, it is clear that the accident would not have occurred but for plaintiff's violation of the statute as there was a natural and unbroken sequence connecting his negligent act with his resulting injuries. On these facts alone, the plaintiff was guilty of contributory negligence as a matter of law and is barred from recovery. Thus, the Court must enter a judgment in defendant's favor.

The Court's conclusion that plaintiff is barred from recovery is reinforced by other uncontroverted facts which clearly show that the plaintiff was contributorily negligent. It has long been basic law that a person who fails to exercise the degree of care normally exercised by a reasonably prudent man under the circumstances is guilty of negligence, Deangelis v. U. S. A. C. Transport, 9 Terry 405, 105 A.2d 458 (Super.Ct.1954); Kane v. Reed, 9 Terry 266, 101 A.2d 800 (Super.Ct.1954); Burk v. Artesian Water Co., 8 Terry 405, 91 A. 2d 545 (Del.Super.1953), and that such negligence on the part of a plaintiff will bar his recovery, provided, of course, that his negligence was a proximate and contributing cause of the injury sued

upon. Ordinarily the questions of whether a plaintiff exercised the degree of care required under the circumstances surrounding his injury and whether any negligence on a plaintiff's part contributed to his injury are questions of fact which, in a trial by jury, must be decided by the jury. However, where the plaintiff's contributory negligence is so clear on the record that no reasonable jury could permit plaintiff to recover, the Court may treat the question of plaintiff's contributory negligence as one of law[5] and grant judgment in defendant's favor. See Ebersole v. Lowengrub, 208 A.2d 495, 497–498 (1965); Union Wholesale Co. v. Bank of Delaware, 5 Storey 223, 190 A.2d 761, 767–768 (Super.Ct.1963); 6 Moore, Fed. Prac. § 56.02[10] p. 2043.

In this case, the record is undisputed that the plaintiff, immediately prior to the accident, had proceeded on the wrong side of the street for a block and a quarter to a place where he would not ordinarily be expected and at a location where he was aware that vehicles might turn across his path. Notwithstanding the precarious position in which he placed himself, the plaintiff, without due regard for his own safety or that of others, failed to give any auditory signal of his approach. These circumstances permit but one reasonable conclusion, namely that the plaintiff failed to exercise the degree of care required of a person in his situation and that his negligence was a direct contributing factor in the accident. Consequently, plaintiff is also barred from recovery because of his contributory negligence in failing to give auditory signals and defendant is entitled to judgment as a matter of law, there being no genuine issue of material fact for a jury to decide.

Assuming that the claim of plaintiff's wife for loss of consortium is permitted under Delaware law, Yonner v. Adams, 3 Storey 229, 167 A.2d 717

---

5. The essence of summary judgment is that no genuine issue exists to be resolved by the trier of the facts, and that the movant is entitled to judgment on the law applicable to the established and undisputed facts. 6 Moore, Fed.Prac. § 56.04[2], p. 2066.

(Super.Ct.1961),[6] "such right of action is dependent upon the husband's right to maintain an action for personal injuries." Stenta v. Leblang, 5 Storey 181, 185 A.2d 759, 762 (1962). "This means that while a wife's claim for loss of consortium may be separate and distinct from the husband's claim for personal injury, it is nevertheless nonexistent in the absence of a valid claim by the husband." Folk v. York-Shipley, Inc., Del., 239 A.2d 236, 238 (1968). Thus, the husband's contributory negligence which bars his recovery for personal injury likewise bars the recovery of his wife for loss of consortium. Compare: Rhein v. Wark & Company, 4 Storey 10, 174 A.2d 132, 134–135 (1961); Slovin v. Gauger, 193 A.2d 452 (Del.Super.Ct. 1963), aff'd 200 A.2d 565 (1964).

Summary judgment in defendant's favor as to both plaintiffs will therefore be granted.

Present order in conformance with this opinion.

---

6. In Folk v. York-Shipley, Inc., Del., 239 A.2d 236, 238 (1968), the Delaware Supreme Court pointed out that the *Yonner* case was not reviewed by the Supreme Court and that the question of whether a wife has a right of action for loss of consortium has not been finally settled by the Supreme Court.